Delahay v. Clement.

MARK W. DELAHAY, appellant, v. JUDSON CLEMENT, appellee.

*Appeal from Scott.*

Where an action was commenced by petition and summons, and upon affidavit filed, a *capias* was issued of the same date as the summons, and the summons and *capias* were both served on the defendant at the same time ; and upon motion of the defendant, the *capias* was quashed, and thereupon the defendant moved to strike the cause from the docket, which motion the Court overruled : *Held*, that the decision of the Court was correct, and that the cause was properly pending in Court.

Where a demurrer to a plea in abatement is sustained, if the defendant files a plea in bar, he thereby waives his plea in abatement.

In an action against the principal, upon a note made by an agent, it is not necessary to prove the authority of the agent, or that the note was given for a debt of the principal, unless the denial of the execution of the note is verified by affidavit.

A promissory note may be made in proper person, by a partner, or agent, or when the act is subsequently recognised and confirmed, by a third person without previous authority; and when made in either of these ways, it is valid against the person whose note it purports to be, and a consideration will be presumed, until the contrary is made to appear.

THIS cause was heard in the Court below, at the October term, 1839, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff for $ 352,06. The defendant appealed to this Court.

M. McCONNEL and J. A. McDOUGALL, for the appellant.

J. LAMBORN, for the appellee.

FORD, Justice, delivered the opinion of the Court :(1)
This was an action commenced by *petition and summons* in the Scott Circuit Court, on a promissory note in the usual form, signed, " Mark W. Delahay, *per* R. B. Hughes, agent." Upon affidavit filed, a *capias* was issued of the same date as the summons, and was served on Delahay at the same time.

The defendant appeared in the Court below, and moved to quash the *capias*, which motion was sustained. He then filed his plea in abatement, to which Clement demurred, and the Circuit Court sustained the demurrer. Delahay then, by his counsel, moved to strike the cause from the docket. This motion the Court overruled. Upon the determination of the demurrer, the defendant below filed several pleas in bar, upon which issues were joined. The cause was tried by a jury, and a verdict was rendered in favor of the plaintiff below. It is deemed unnecessary to state the effect of all these pleas, as no question was made in relation to any of them but the third. In this plea it is alleged

(1) Wilson, Chief Justice, was not present on the argument of the cause.

that R. B. Hughes executed the note without authority from Delahay ; that Delahay had no interest or concern in the consideration upon which it was founded ; and that although Hughes was the general agent in and about Delahay's business, yet that this note was not given in the course of the transaction of such business.

It is to be also observed, that none of the pleas in bar were verified by affidavit.

A bill of exceptions was signed, showing, that on the trial of the cause, Clement offered the note above specified in evidence to the jury. This was objected to by Delahay, unless the plaintiff would first prove the agency of Hughes, and his authority to execute the note ; and also that the same was given for a debt due by the defendant. The Circuit Court admitted the note without such proof, and further decided that the burden of proving the issue upon the third plea before alluded to, devolved on the defendant. Delahay appealed to this Court, and now complains,

That the Circuit Court erred : First, In refusing to strike the cause from the docket after the *capias* had been quashed ;

Secondly, In sustaining the plaintiff's demurrer to the plea in abatement ;

Thirdly, In overruling the objections of the defendant below, to reading the note as evidence, without first proving the authority of the pretended agent to sign the same ; and also that the note was given for a debt due by the defendant ;

Fourthly, In entering judgment in favor of the plaintiff below.

These assignments of error will now be considered. Notwithstanding the *capias* which had, perhaps, improvidently issued, had been quashed, yet as a petition and summons had been duly issued and regularly served on the appellant, we consider that the cause was properly pending in Court, and ought not to have been dismissed on account of the *capias.* This assignment of error, therefore, is not sustained.

With regard to the demurrer to the plea in abatement, the appellant is now precluded from assigning this for error. Without intimating any opinion upon the merits of the plea, we are satisfied that all error therein has been waived by pleading over in bar. In order to put himself in a situation to take advantage of any such supposed error, the appellant ought to have abided by his plea.

The Circuit Court also decided correctly, that the note sued on might be given in evidence without proof of the authority of the agent, or that the defendant below had an interest or concern in the consideration.

It has already been observed, that none of the pleas of the defendant below are verified by affidavit. The 12th section of the practice act, provides, that " no person shall be permitted to deny, on trial, the execution of any instrument of writing, whether

Delahay *v.* Clement.

sealed or not, upon which any action may have been brought, unless the person so denying the same, shall, if defendant, verify his plea by affidavit."(1)

It will not be denied that there are various modes in which a note can be executed, so as to make it obligatory on the maker. It may be done in proper person, by a partner, or agent, and when the act is subsequently recognised and confirmed, it may be done by a third person without previous authority. A promissory note made in any of these ways, would be properly executed, and would be binding and valid upon the person whose note it purported to be. The object of the statute above referred to, undoubtedly was to require a probable ground of suspicion or belief first to be established, before a party who offers in evidence an instrument in writing, which is made the foundation of the suit, should be put to the trouble and expense of procuring evidence of its execution. If the note in question had purported on its face to have been signed by the appellant in person, it would be clear that he could not be permitted to deny it on trial, in such a manner as to require proof of its execution, in the first instance, without plea properly verified. But the question is, whether, as the note purports on its face to have been signed by an agent, for his principal, the case is taken out of the operation of the foregoing statute. We think not. The note, although appearing on its face to be signed by procuration of an agent, is nevertheless, *primâ facie*, the note of the principal.(2)

The authority of the agent is a material part of the execution of the note ; and if the execution should be properly denied, such authority would constitute an essential part of the plaintiff's proof. In case of a suit on a bond, the authority of the agent would be put directly in issue by the plea of *non est factum*. To require proof of such authority, would be to require proof of the execution of the note, contrary to the provision of the statute which dispenses with such proof, unless the plea denying the same shall be verified by affidavit.

Here, also, a question is raised, whether the Circuit Court ought not to have compelled the plaintiff below to prove that the defendant was concerned, or interested, in the consideration of the note. In answer to which we have already stated, that the note, although signed by an agent, purports on its face to be the note of the principal. If this be so, a consideration shall be presumed, until the contrary shall be made to appear.

This rule would devolve the burden of proving a want of consideration upon the defendant below.

The next and last error assigned is, that the Circuit Court

(1) R. L. 490 ; Gale's Stat. 531.   (2) Chit. on Bills.

Delahay *v*. Clement.

rendered judgment in favor of the appellee. As the judgment is in the usual form in an action of debt, we can perceive no error therein.

None of the errors assigned can be established. The judgment of the Court below is therefore affirmed, with costs.

*Judgment affirmed.*

*Note.* In this case a motion for a rehearing was entered and granted; but the above opinion was not withdrawn, but left in the hands of the Reporter, to be published.