## SUPREME COURT.

### TEMPLE agt. MURRAY & ELY.

A complaint (verified) containing an allegation that the plaintiff is "now the lawful *owner* and *holder* of said note;" and the answer alleges (under oath) that the defendant "has not sufficient knowledge or information to form a belief as to whether the plaintiff is now the lawful owner and holder of said note, therefore can not admit or deny the same," forms an issue (of a denial legally) which requires the plaintiff to prove his ownership of the note on the trial (*see Genesee Mutual Ins. Co. agt. Moynihen*, 5 *How. Pr. R.* 321; and *Snyder agt. White, ante page* 321).

Such allegation in the answer can not, therefore, be stricken out as frivolous.

*At Chambers, February* 1852. This was a motion to strike out the defendant's answer as " frivolous," and for judgment under section 247 of the Code.

The complaint alleges that on the 3d day of June 1851, the defendants made their promissory note in writing, by which they promised, for value received, to pay to the order of the plaintiff one thousand dollars at the Otsego County Bank, six months from the date of the note; that the said note became due before the

commencement of this action, yet the defendants have not paid the same. The plaintiff further alleges in his complaint that he is now the lawful *owner and holder* of said note, and that the defendants are justly indebted to him thereupon in the sum of $1000 principal, with interest from the 3d day of December 1851, and demands judgment for the same. The complaint is duly verified by the oath of the plaintiff.

The defendants put in their answer under oath, and allege in the commencement of it, " that they have not.sufficient know-ledge or information to form a belief as to whether the said plaintiff is now the lawful owner and holder of said promissory note, mentioned in said complaint, therefore can not admit or deny the same."

H. LATHROP, *for Plaintiff.*

L. E. BOWE, *for Defendants.*

CRIPPEN, Justice.—This branch of the answer is a substantial compliance with the first subdivision of section 149 of the Code, and in its legal effect is a denial that the plaintiff was the lawful *owner or holder* of the note mentioned in the complaint.

The object of the pleader seems to have been to force the plaintiff to establish by proof on the trial, that he was the owner and holder of said note; or to make good by proof that allegation in the complaint. The making of the note is not denied by the answer, and therefore stands admitted. The plaintiff under the allegation of the answer, in order to sustain his action, must establish by proof his ownership of the note. This may probably be done by its production on the trial, on the ground that possession of it is *prima facie* evidence of ownership.

The ease with which the plaintiff may be able to establish his ownership of the note by proof on the trial, does not affect the question of the necessity of making such proof in order to establish the important fact, that he is the owner of it. If it was material for the plaintiff to allege ownership, in order to sustain his action, it is then quite clear that this branch of the answer is not immaterial or "frivolous." It casts the *onus probandi* on the plaintiff of proving his ownership of the note.

By the provisions of the Code, every action must now be prosecuted in the name of the real party in interest, except in cer-

tain specific cases, of which this action is not one (*Code*, §111). When that question is raised by the answer, as I conceive it to be in this case, it is incumbent on the plaintiff to show *prima facie* at least, that he is the party in interest, or owner of the demand or note on which the action is founded. The note declared upon in this action is made payable at the Otsego County Bank to the order of the plaintiff, in the ordinary form of a note to be discounted at said bank. The defendants may have good reasons for believing that the note in fact is the property of the bank and not the property of the plaintiff, and therefore may properly raise that issue by the answer.

An answer which denies a material allegation of the complaint, can not be stricken out on motion, as "frivolous" (Davis vs. Potter, 4 *How. Pr. R.* 155).

Justice PARKER, in the case cited, very properly says that " the general issue being abolished, the defendant instead of denying all, has denied one of the material allegations of the complaint, and he has a right to require that the issue thus joined shall be tried in the usual manner."

The case of Beach vs. Gallup (2 *Code R.* 66), decides that the allegation in the complaint, that the plaintiff is the owner of the note, is a material allegation; and a demurrer to the complaint for the want of such allegation, was refused to be stricken out as frivolous, on a motion made for that purpose.

It has long been the settled practice of the Supreme Court, to strike out pleadings which were clearly "frivolous," but the doctrine of the cases is that the court must be well satisfied that such pleading is clearly frivolous, and is interposed in bad faith for the purposes of delay or some other improper motive.

The answer in this action is verified by the oath of one of the defendants, and for ought that appears, was honestly and fairly interposed upon the record. Pleadings under the Code are to be liberally construed. In a case of doubt, the court will not adopt the stringent and summary mode of giving judgment by striking out a pleading as frivolous, under section 247 of the Code.

Having come to the conclusion that this notice can not be granted, it is unnecessary to examine or pass upon the other portions of the defendant's answer. Motion denied with costs.