EDWARD STRONG, Respondent, *v.* THOMAS SPROUL et al., Appellants.

The word "answer," as used in section 247 of the Code, means an entire answer as a distinct pleading, and not one or more of several defences constituting it; and the remedy given by said section for a frivolous pleading (*i. e.*, a summary application for judgment) is only available when the pleading as a whole is frivolous.

The court has no power, under that section, to order judgment upon a part of an answer which may be frivolous, where a part is held good, and there are issues remaining to be tried.

(Argued September 30, 1873; decided October 7, 1873.)

APPEAL from order of the General Term of the Court of Common Pleas, for the city and county of New York, affirming order of Special Term directing judgment for plaintiff upon three counts of the answer as frivolous.

The answer contained six counts or defences. The order required defendants to make two of them more definite and certain, and directed judgment as aforesaid upon three. The other was held sufficient.

*W. W. Niles* for the appellants.

*A. R. Dyett* for the respondent. The order, so far as it gives judgment on the third, fifth and sixth defences, was authorized. (Code, §§ 247, 150; *Hecker* v. *Mitchel,* 5 Abb., 455.)

Allen, J. The right to plead several pleas did not exist at common law, but was given by statute to enable a defendant to avoid duplicity in pleading, and at the same time set up several distinct matters in defence. (1 Chitty's Pl., 560; 2 R. S., 352, § 9.) The Code has substituted a single answer as a distinct pleading, with directions as to its contents, and permission to the defendant to set forth in separate statements as many defences as he may have, all the defences thus stated constituting the single answer allowed by the statute. (Code, §§ 149, 150.) The distinction between the answer as a pleading, and one or more several defences set forth in the answer, is observed throughout the statute regulating the forms of pleadings, and the one is never confounded with the other or a single defence spoken of as an answer.

Sham and irrelevant answers and defences may be stricken out on motion, the same section providing for, striking out the entire answer, or separate defences making a part of the answer. (Code, § 152.) If one or more defences are stricken out, they no longer constitute a part of the pleading, but the remainder of the answer alone remains to make a part of the record in the future. So, too, the plaintiff may demur to one or more defences or counter-claims, and reply to the residue of the counter-claims. The permission is not to reply to one or more of several answers. (Code, § 153.) A frivolous pleading is treated as an entirety and is not stricken out; but whatever action may be had in respect to it, whether condemned as frivolous or not, it remains a part of the record and makes a part of the judgment roll. (*Briggs* v. *Bergen,* 23 N. Y., 162.) The remedy prescribed by section 247 of the Code, for a frivolous pleading, is a summary application to a judge in or out of court, for judgment; and a condemnation of a single defence, making part of an answer con-

taining other defences, not within the condemnation, would not entitle the plaintiff to a judgment. A frivolous answer is one so clearly and palpably bad as to require no argument or illustration to show its character, and which would be pronounced frivolous and indicative of bad faith in the pleader upon a bare inspection; and when such an answer is interposed and alone delays the plaintiff in obtaining the judgment to which he is clearly entitled, judgment is authorized to be given upon a summary application on a notice of five days. But the remedy is only available when the answer, as a whole, is frivolous, as that term is understood and applied to pleadings. If, notwithstanding some of the defences may be frivolous, other defences are set up and issues remain to be tried, it would be a very useless proceeding to take action for a formal and separate adjudication upon the single frivolous defence, which, in the nature of things, could not seriously mar the records, or embarrass the proceedings in the action or the trial of the issues therein. A frivolous defence would not embarrass either the parties or the court, and the plaintiff would not be prejudiced by permitting the same to remain upon the record, if it did not stand alone and constitute the entire answer. The question is not new, but was considered and decided in *Thompson* v. *Erie Railway Co.* (45 N. Y., 468), and this court there held that section 247 of the Code gave no power to order judgment upon a part of an answer as frivolous, when there was a part held good.

Upon a reconsideration, we see no reason to change our views; on the contrary we are satisfied that the section referred to admits of no other interpretation, and that an answer as there used means the entire answer as a distinct pleading, and not one or more parts of an answer, or one or more of several defences as constituting the answer. An answer is one thing, and well understood when referred to as such, and a single defence making a part of an answer is quite another thing; and the one is never confounded with the other, either in the statute or in popular legal phraseology.

Without, therefore, considering the very serious and doubt-

ful questions presented upon the argument at bar and considered by the court below, the order must be reversed and the motion denied, with costs.

All concur.

Ordered accordingly.