# THE CHATHAM NATIONAL BANK OF NEW YORK, RESPONDENT, *v.* EDWARD D. SHIPMAN, APPELLANT.

*Answer — when it cannot be stricken out as frivolous.*

This action was brought upon certain promissory notes made by the defendant to the order of one Duryee, for whom they were discounted by the plaintiff. The defendant answered, alleging that he executed the notes for the accommodation of Duryee and without any consideration, which fact was known to the plaintiff at the time when it discounted the said notes; that at that time it received from Duryee, as collateral to and to secure the payment of the said notes, a mortgage, which was then in process of foreclosure; and it prayed that this action might be stayed during the pendency of the one to foreclose the mortgage, or that the defendant might be subrogated to the rights of the plaintiff in the foreclosure suit, and for other relief.

*Held,* that it was error to strike out the answer as frivolous.

APPEAL from a judgment in favor of the plaintiff, entered upon an order striking out the answer of the defendant as frivolous.

The action was brought upon several promissory notes, made by the defendant to the order of one Duryee, for whom they were discounted by the plaintiff.

The answer alleged that the notes were given for the accommodation of Duryee, and were without any consideration as between the defendant and him, and that these facts were known to the plaintiff at the time it discounted them; that as collateral to, and to secure the payment of the said notes, Duryee gave to the plaintiff his bond and mortgage upon certain real estate in the city of New York, and that the payment of the said notes was amply secured thereby; that the plaintiff had commenced an action to foreclose the said mortgage, which was still pending and undetermined. It concluded as follows: "Wherefore, the defendant invokes the equitable powers of this court, that the complaint herein be dismissed, with costs; otherwise that all proceedings herein be stayed until the completion and termination of said action for the foreclosure of said mortgage, or in default thereof that the defendant be subrogated to the rights of the plaintiff in said bond and mortgage to the extent of the amount demanded in the com-

plaint herein, and for such other relief as to the court may seem meet and proper."

*George A. McDermott,* for the appellant.

*H. F. Anderson,* for the respondent.

*Per Curiam :*

It is enough, in order to dispose of this case, to say that the answer was by no means clearly frivolous. The facts set up show that the mortgage, sought to be foreclosed in the action referred to, secures the principal debt for which these notes were alleged to have been mere security to the knowledge of the plaintiff.

It is at least questionable whether the appellant is not entitled, on establishing these facts, to the relief he asks for by his answer. But that is a question which should be determined by the trial, and not by a summary motion, on the ground that the answer is frivolous. It requires an argument stronger we think, than can be made, to show that the answer is frivolous; and of course in such a case the defendant is entitled to a formal trial of the issue, either of fact or of law. (*Youngs* v. *Kent,* 46 N. Y., 672; *Strong* v. *Sproul,* 53 N. Y., 499.)

The form of the notes is not controlling, for the defendant alleges that the bank received them with full knowledge that they were mere collateral securities for the defendant's indebtedness secured by the bond and mortgage. (2 R. S. [Edmund's ed.], 199, §§ 153, 154.)

The order striking out the answer as frivolous and the judgment entered thereon should be reversed, with costs.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order and judgment reversed, with costs.