JESSIE L. COLT, Respondent, v. GEORGE K. DAVIS, Appellant.

*An answer, containing a denial of a material allegation of a complaint, cannot be stricken out as sham—nor can a frivolous answer be stricken out—where two actions are consolidated it is error to strike out the answer in one of them.*

On January 30, 1888, an action was brought by the plaintiff against the defendant on a promissory note for $5,000, signed by the defendant and John I. Davis, payable to the order of Mrs. Robert A. Colt, and on February 21, 1888, another action was brought by the plaintiff against the defendant on another note for $2,000, signed by the defendant and payable to the order of the plaintiff, the complaint in each action alleging that the plaintiff was the holder and owner of the note therein described.

To each complaint the defendant put in an answer, the language of each being the same; 1st, admitting the execution of the notes by the defendant; and, 2d, denying, upon information and belief, that the plaintiff was the holder and owner of the note; 3d, averring that Robert A. Colt was the owner and holder thereof; 4th, setting up as a defense a payment of $670 made by the defendant to the plaintiff; 5th, that Robert A. Colt gave the defendant his promissory note for $805.36, which was due, payable and held and owned by the defendant; 6th, a claim for $1,000 for work, labor and services done and performed for the plaintiff.

Upon the hearing of a motion made by the defendant to consolidate the two actions, and a motion made by the plaintiff to strike out portions of the answers as sham and irrelevant and for a judgment, an order was made by the court directing the second and third defenses to be stricken out as sham, the fifth defense to be stricken out as irrelevant and the actions to be consolidated; the answer in the second action to be stricken out and the consolidated action to be severed and a judgment rendered for $5,267.67, with interest, and continued for the remainder of the plaintiff's claim.

*Held*, that the court erred in striking out the denial of the defendant, upon information and belief, that the plaintiff was not the owner and holder of the note, as it denied a material allegation contained in the complaint and could not be stricken out as sham.

*Thompson* v. *Erie Railroad Campany* (45 N. Y., 468); *Wayland* v. *Tysen* (Id., 281); *Hays* v. *Southgate* (18 Alb. Law. Jour., 318; S. C., 10 Hun, 511) followed.

That there is now no authority for striking out an answer as irrelevant; that irrelevant is equivalent to frivolous, and a frivolous answer cannot be stricken out but judgment should be granted thereon.

*Strong* v. *Sproul* (53 N. Y., 497) followed.

That the actions having been consolidated there was no authority for striking out an answer in one of them; that it could not be said to be sham, and there was no other ground for striking out an answer.

That the order, except as to the consolidation, should be reversed.

APPEAL from an order made at the Saratoga Special Term on the 11th day of April, 1888, and from the whole of said order, except that part thereof that directs that the two actions be consolidated into one action, which said order was entered in the Montgomery county clerk's office on the 7th day of May, 1888.

Each action was brought upon a promissory note which is more particularly described in the following opinion. The answer in each action was as follows:

*First.* The defendant, for answer to the plaintiff's complaint in this action, admits the execution of the note by defendant, described in the plaintiff's complaint.

*Second.* The defendant, further answering said complaint, denies, upon information and belief, that the plaintiff is the owner and holder of said note.

*Third.* The defendant, further answering said complaint, avers, upon information and belief, that the note mentioned and described in said complaint is now, and has for some time past been, held and owned by Robert A. Colt, the husband of this plaintiff.

*Fourth.* The defendant, further answering plaintiff's complaint herein, and for and as a defense thereto, avers that, before the commencement of this action, he paid to the said plaintiff and to her said husband, Robert A. Colt, to be applied upon said note, and as part payment thereof, the sum of $670; and that said sum of $670 has not been indorsed or credited upon said note, and that said defendant is entitled to be credited thereon.

*Fifth.* The said defendant, further answering said complaint, and

for a defense thereto, avers that Robert A. Colt, the husband of said plaintiff, on or about the 1st day of May, 1886, for value received, made, executed and delivered to George K. Davis, this defendant, his promissory note or due bill, in writing, whereby, for value received, he promised to pay George K. Davis, or bearer, the sum of $805.36; that said promissory note or due bill is now and was, before the commencement of this action, due and payable, and that the said defendant is now the owner and holder thereof.

*Sixth.* The said defendant, for a further answer and defense to this action, avers that, during the years 1884, 1885 and 1886, the said defendant, at the special instance and request of the said plaintiff, performed work, labor and services for said plaintiff, in aiding and assisting in procuring a return to her of her children, the issue of the marriage of said plaintiff and Robert A. Colt, which said children had been taken from her by the said Robert A. Colt, and also in preventing proceedings being taken to obtain a divorce between the said plaintiff and the said Robert A. Colt; that said services were and are of the value of $1,000; that no part thereof has been paid, and the same is now due and payable.

*Seventh.* That the said defendant will, on the trial of this action, set-off the said above several amounts to the said note, and also insist upon their being counter-claims thereto.

Wherefore, the defendant demands the judgment of this court in his favor, in accordance with the facts alleged in said answer.

*H. B. Cushing*, for the appellant.

*R. B. Fish*, for the respondent.

LEARNED, P. J.:

An action was brought January 30, 1888, by plaintiff against defendant on a promissory note for $5,000 signed by defendant and John I. Davis, payable to the order of " Mrs. Robert A. Colt."

Another action was brought February 21, 1888, by plaintiff against defendant on another note for $2,000 signed by defendant and payable to the plaintiff's order. Each complaint alleges that plaintiff is the holder and owner of the note therein described. To each complaint the defendant put in an answer, defenses two and three, denying information and delief that plaintiff is the holder and owner of the note, and averring that Robert A. Colt is such owner

and holder. In each answer the defendant sets up defenses that Robert A. Colt gave defendant his promissory note for $805.36 now due and payable, and now held and owned by the defendant ; also, payment of $670.

Also work, labor and services done and performed, etc., worth $1,000.

A motion by defendant to consolidate and a motion by plaintiff to strike out portions as sham and irrelevant and for judgment, were heard together.

1. The court order defenses 2 and 3 to be stricken out as sham

2. Defense 5 to be stricken out as irrelevant.

3. The actions to be consolidated.

4. The answer in the second action to be stricken out.

5. The consolidated action to be severed and judgment rendered for $5,267.67, with interest, and continued for the remainder of plaintiff's claim, $1,670, with interest.

This was based on two affidavits of plaintiff and her husband, made out of this State, to the effect that she is, and he is not, the holder-owner of the notes.

Also on the admission of defendant's attorney that the payments and counter-claims set up in the two answers are identical.

There is now no authority for striking out an answer as irrelevant. (Code, §§ 537, 538.) "Irrelevant" is equivalent to "frivolous." A frivolous answer is not stricken out, but judgment is granted thereon (*Strong* v. *Sproul*, 53 N. Y., 497) ; in which case it is also held that a frivolous answer must be treated as an entirety, and that a judgment could not be rendered for plaintiff when a part only of the answer was frivolous. Therefore the fifth defense could not be stricken out as irrelevant.

*Thompson* v. *Erie Railway Company* (45 N. Y., 468), holds that a denial of part of the material allegations in a complaint cannot be stricken out as sham, just as *Wayland* v. *Tysen*, in the same volume (p. 281), had held that such a denial of all the allegations in the complaint could not be stricken out as sham. In *Hays* v. *Southgate* (18 Alb. L. J., 318 ; S. C., 10 Hun, 511) it was held that a defendant might show that the plaintiff was not, and some other person was, the owner of the note in suit.

In *Conselyea* v. *Smith* (103 N. Y., 604), cited by plaintiff, there was no denial by defendant of any allegation in the complaint, and it was held the defendant had the affirmative of the issue, and it will be seen in that case that defendant set up an affirmative defense, and that his allegations as to ownership were merely a conclusion from that defense, viz., that he was an accommodation indorser, etc. The two actions being consolidated, we see no authority for striking out an answer of one of them. It could not be said to be sham, and there is no other ground laid down for striking out an answer. (Code, § 538.) The judgment-roll should contain the pleadings in both actions. (2 Wait's Pr., 261.)

We think that the order, except as to the consolidation, should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

INGALLS, J., concurred.

LANDON, J.:

*Strong* v. *Sproul* (53 N. Y., 497), cited above, was decided in 1873. The present Code (§ 508) authorizes a "partial defense." If a partial defense is sham or frivolous, it should not prevent the plaintiff from obtaining judgment upon that part of his claim which is only met by such a worthless answer; he should, upon motion, be allowed to enter judgment for the undefended part of his demand, and the action should be severed and should continue as to the defended part. (Secs. 511, 512.)

If on defendant's motion two actions are consolidated, his duplicate answers of the same matter are not necessary, but whether one of them be stricken out or not is immaterial; one is only a copy of the other. I think the plaintiff's practice was right, but I concur in the result for the reason that the verified denial of the plaintiff's title cannot be stricken out as sham, and if that remains the other defense cannot be said to be frivolous, and whether there are duplicate answers to the consolidated actions does not seem to be material.

Order reversed, with ten dollars costs and printing disbursements, except as to consolidation, and motion to strike out denied, with ten dollars costs.