FREDERICK B. WILSON, Respondent, *v.* EASTMAN & MANDEVILLE COMPANY, Appellant.

*Denial of knowledge or information sufficient to form a belief — will not be stricken out as sham — what answer will be.*

In an action to procure the sequestration of the property of a corporation, the defendant therein, and the disposition of the proceeds thereof among its creditors, the complaint alleged the recovery of a judgment against the defendant, the docketing of the judgment, the filing of a transcript, the issuing of an execution, the return of the same unsatisfied, and that said judgment remained unpaid and that the plaintiff was insolvent.

The defendant, by its answer, denied that it had any knowledge or information sufficient to form a belief as to any of the allegations contained in the complaint, except that alleging the incorporation of the defendant, and that its principal place of business was located in the city of Brooklyn.

*Held,* that as the answer set up a general denial of material allegations in the complaint the court had no power to strike it out as sham.

That an answer can only be stricken out as sham where, by the allegations contained therein, it seeks to avoid the admission of the truth of the allegations of the complaint.

APPEAL by the defendant from so much of an order made at a Special Term, held at chambers in the city of New York, and entered in the office of the clerk of the county of New York on the 30th day of January, 1890, as orders that the answer in the above-entitled action be stricken out as sham.

*W. B. Ellison,* for the appellant.

*William Armstrong,* for the respondent.

VAN BRUNT, P. J.:

This action was brought for the purpose of procuring a sequestration of the property of the defendant corporation, and the division of the proceeds of the property amongst the creditors of the defendant, pursuant to the provisions of the Code. The complaint alleged the recovery of a judgment against the defendant in the City Court of New York, and the filing of the transcript and the docketing of the judgment in the office of the clerk of the county of New York, and subsequently the filing of a transcript in the office of the clerk of the county of Kings, being the place where the principal business of the defendant was carried on, the issuance of an execution to the sheriff of Kings county, and the return of said execution wholly unsatisfied, and that said judgment remained wholly unpaid and that the defendant was insolvent.

The defendant, by its answer, denied that it had any knowledge or information sufficient to form a belief as to any of the allegations contained in the complaint, except that alleging the incorporation of the defendant and that its principal place of business was located in the city of Brooklyn. This answer was stricken out as sham, and from the order thereupon entered this appeal is taken.

The ruling of the court below was clearly erroneous. In the case of *Wayland* v. *Tysen* (45 N. Y., 281) it was expressly held that the court has no power to strike out as sham an answer setting up a general denial of any of the material allegations of the complaint. The

answer of the defendant consisted of a general denial. It was in a form permitted by the Code. The allegations in the complaint were all necessary to its validity and, therefore, came distinctly within the provisions of the decision to which reference has been made. The only case in which an answer can be stricken out as sham is where the allegations contained in the answer seek to avoid the admission of the truth of the allegations of the complaint.

Where a general issue is pleaded the right to strike out as sham has never existed.

The order should be reversed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.