RICHARD R. GIBSON, Appellant, *v.* HENRIETTA J. GIBSON, Respondent, Impleaded with Others.

*Notice of motion to strike out irrelevant matter in a pleading — must be made within twenty days — failure to return papers.*

The retention, by an attorney, of a notice of motion to strike out of a pleading matter alleged to be irrelevant, redundant or scandalous, served on him more than twenty days after service of the pleading to which it relates, is not a waiver of the failure to serve the notice within such twenty days, as required by Rule 22 of the General Rules of Practice.

When a failure to serve such notice within the time required by the rule is shown in opposition to the motion at the hearing, the motion must be denied.

APPEAL by the plaintiff, Richard R. Gibson, from an order of the Supreme Court, made at the Monroe Special Term, on the motion of the defendant, Henrietta R. Gibson, and entered in the office of the clerk of Ontario county on the 4th day of February, 1893, striking

out as scandalous, irrelevant and redundant certain allegations in the plaintiff's complaint.

*F. H. Hamlin* and *James A. Robson*, for the appellant.

*Elihu M. Morse* and *Walter H. Knapp*, for the respondent.

HAIGHT, J.:

It appears from the order appealed from that upon the hearing of the motion at Special Term an objection was made to the hearing of the same, upon the ground that the motion was not noticed for hearing within twenty days from the service of the complaint; that it was then and there conceded by counsel that the complaint was served on the 22d day of November, 1892, and that the notice of motion was served on the 11th day of January, 1893. It was also conceded, on the part of the appellant, that the notice of motion was retained by Mr. Robson, the appellant's counsel, and that the same was not returned. The court overruled the objection, and the motion was thereupon heard upon the merits. Rule 22 provides that "motions to strike out of any pleading, matter alleged to be irrelevant, redundant or scandalous, and motions to correct a pleading on the ground of its being 'so indefinite or uncertain that the precise meaning or application is not apparent,' must be noticed before demurring or answering the pleading, and within twenty days from the service thereof." (*Brooks* v. *Hanchett*, 36 Hun, 70 ; *Carrillo* v. *Carrillo*, 25 N. Y. St. Repr. 425.) It is, therefore, apparent that the notice of motion was not served in time.

Was the retention of the notice of motion by the appellant a waiver of the rule requiring the service to be made within twenty days ? We think not. It was not such a defect or irregularity as could have been remedied by the respondent if the motion papers had been returned. The case is not one within the provisions of section 796 of the Code of Civil Procedure, or of Rule 19. The case of *Rogers* v. *Rockwood* (13 N. Y. Supp. 939), and the same case (36 N. Y. St. Repr. 920) have no application. In the case of *Roosa* v. *The Saugerties & Woodstock Turnpike Road Co.* (8 How. Pr. 237), it was held that a motion to strike out irrelevant or redundant matter or to correct a pleading must be noticed within twenty days from the service thereof ; that it was not necessary that the party making the motion should show that he had given the notice within

the time prescribed, but that that fact should be shown as matter of defense upon the hearing of the motion. And to the same effect is *Barber* v. *Bennett* (4 Sandf. 705). The practice, as approved in these cases, has, as we believe, been uniformly followed throughout the State, and should be adhered to. It having been admitted upon the hearing of the motion that the notice was not served within the twenty days required, the motion should have been denied for that reason.

Order reversed and motion denied, with ten dollars costs and disbursements.

All concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and the motion denied.