(12 Misc. Rep. 213.)

### SIRIANI v. DEUTSCH.

(Superior Court of New York City, Special Term. April, 1895.)

1. MOTION TO STRIKE OUT PLEADINGS—NOTICE.

A motion to strike out a pleading will be denied where the moving papers are not served within 20 days after the service of the pleading, as required by general rules of practice, No. 19.

2. ANSWER—INCONSISTENT DEFENSES.

It is no objection to an answer that it contained inconsistent defenses.

3. SAME—FRIVOLOUS ANSWER.

An answer or a portion thereof will not be stricken out on the ground that it is frivolous.

Action by Giovanni Siriani against Herman H. Deutsch. Plaintiff moves to strike out the answer "as setting up inconsistent defenses," and part of said answer as irrelevant, redundant, and frivolous. Denied.

Antonia C. Astarita, for the motion.

Horwitz & Hershfield, opposed.

GILDERSLEEVE, J. This is a motion by the plaintiff to strike out the answer herein "as setting up inconsistent defenses," and part of said answer as irrelevant, redundant, and frivolous. It seems to me that this motion should be denied. In the first place, the motion papers herein were served more than 20 days after the service of the answer. The practice of the court requires that a motion to strike out of any pleading matter alleged to be irrelevant, redundant, or scandalous must be noticed within 20 days from the service of such pleading. Rule 22, General Rules of Practice. Where a failure to serve such notice within the time required by the rule is shown in opposition to the motion, at the hearing, the motion must be denied. Gibson v. Gibson, 68 Hun, 381, 22 N. Y. Supp. 813. In the second place, even if we assume that the defenses are inconsistent, still the defendant is at liberty to put his defense upon distinct, and even inconsistent, grounds. See Goodwin v. Wertheimer, 99 N. Y. 150, 1 N. E. 404. A party may plead as many defenses as he has, and the objection of inconsistency is not available. Ross v. Duffy, 12 N. Y. St. Rep. 584. In the third place, with regard to the ground that a portion of the answer is frivolous, a frivolous answer is not stricken out, but judgment is granted thereon. Colt v. Davis (Sup.) 3 N. Y. Supp. 354. It is true, if an answer is frivolous, judgment may be granted thereon, but such an answer must be treated as an entirety, and judgment cannot be rendered thereon where a part only of it is frivolous. The court has no power, under the Code, to order judgment upon a part of an answer which may be frivolous, where a part is held good, and there are issues remaining to be tried. Strong v. Sproul, 53 N. Y. 497; Colt v. Davis, supra. It is not claimed that all of the answer herein is frivolous, but the motion is made only with regard to a portion of it.

For the reasons above set forth, the motion must be denied, with $10 costs. Motion denied, with $10 costs.