(17 Misc. Rep. 32.)

HUGHES v. WILCOX et al.

(Supreme Court, Special Term, Madison County. May 1, 1896.)

1. PLEADING—ANSWER—DENIAL ON INFORMATION AND BELIEF.
In an action on a note which plaintiff alleges was transferred to her before maturity, a denial of any knowledge, or information sufficient to form a belief, as to whether the note was so transferred, is a sufficient denial of that allegation.

2. JUDGMENT ON PLEADINGS—DENIALS IN ANSWER.
The complaint in an action on a note alleged the making and delivery of the note by defendant, and that before the commencement of the action, and before the note became due, the payee transferred it to plaintiff, "who is now the owner and holder thereof." The answer admitted the making and delivery of the note, but denied any knowledge, or information sufficient to form a belief, as to whether it was transferred to plaintiff, as alleged in the complaint. *Held*, that a motion by plaintiff for judgment on the pleadings would not be granted on the ground that the answer did not deny any material allegation of the complaint, as defendant had a right to controvert the issue as to the transfer of the note, tendered by the complaint, though it was an unnecessary issue.

Action by Anna I. Hughes against Morris Wilcox and Lester H. Wilcox on a promissory note. Plaintiff moves for judgment on the pleadings. Denied.

M. H. Kiley, for plaintiff.
Henry Coman, for defendants.

FORBES, J. This action is upon a promissory note. The complaint avers that the defendants made their promissory note, in writing, for $186, and delivered the same to Mrs. Harriet E. Sabine, on the 9th day of May, 1893, payable one year after date, with interest. The complaint also avers "that before the commencement of this action, and before said note became due, the said Harriet E. Sabine, for value received, sold, transferred, and delivered said note to this plaintiff, who is now the owner and holder thereof." A payment of $14.60 was made September 1, 1894. The plaintiff demands judgment for the sum of $186, with interest from the 1st day of September, 1894. The defendants served an answer in which they admitted the making and delivery of the note mentioned and described in the complaint to Harriet E. Sabine. They also admit that no part of the note was paid, except as set forth in the complaint. For a second answer, the pleading is as follows:

"(2) They deny any knowledge, or information sufficient to form a belief, as to whether, before the commencement of this action, and before said note became due, or at any other time, said Harriet E. Sabine, for value received, sold, transferred, and delivered said note to the plaintiff, or as to whether the said plaintiff is now the owner and holder thereof."

Judgment is demanded for a dismissal of the complaint with costs.

This motion is made under section 522 of the Code of Civil Procedure, for judgment, based upon the theory that the answer contains no denial of any material allegation in the complaint. A denial in the form of this answer is sufficient. Code Civ. Proc. §§ 500, 537; Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669;

Wilson v. Mandeville Co., 56 Hun, 194, 9 N. Y. Supp. 189; Henderson v. Manning, 5 Civ. Proc. R. 221.

Assuming that the case is moved for trial at the term, could the plaintiff take judgment upon the pleadings, as they stand? Under this complaint, is it necessary for the plaintiff to make any proof, or to ask any admissions on the part of the defendants, to entitle the plaintiff to take judgment? The office of a complaint is to state in a plain and concise manner the cause of action upon which the plaintiff relies. Code Civ. Proc. § 481, subd. 2. The plaintiff in this action is not the payee of the note in question. Perhaps an averment that the plaintiff is the holder of the note would be sufficient to entitle the plaintiff to recover under the complaint, with other proper averments, and an admission in the answer of the making and delivery of the note in question, without any denial of the allegation of ownership, would entitle the plaintiff to take judgment. But that is not this case. The complaint tenders the issue that the plaintiff took the transfer and delivery of this note from the payee, before maturity, for a valuable consideration, and therefore is now the owner and holder of the note. If an unnecessary issue has been tendered to the defendants, it is tendered by the plaintiff's complaint, and, having been thus tendered, the defendants have the right to controvert it. Moss v. Barton, 12 N. Y. Wkly. Dig. 524. The case cited is similar to the case at bar. Daniels, J., writing the opinion, says:

"The plaintiff framed his complaint in such a manner as to invite this issue, and he cannot now relieve himself from the possible consequence by assailing the answer as frivolous. * * * He made it the subject of a special allegation, stating affirmatively that he was in fact the lawful owner and holder of the note when the suit was commenced. This, though not required to be averred by him, was still an important circumstance in the case; and, as he did make it a part of his complaint, the defendants were at liberty to take issue upon it by a direct denial."

In the case of Hays v. Hathorn, 74 N. Y. 486, the court held:

"To enable a party to maintain an action upon a promissory note, he must be the legal owner, and have the right of possession, of the instrument. Such ownership must be sufficient to protect the defendant, upon a recovery against him, from a subsequent action thereon."

In the case at bar, under the answer, defendants would have the right to controvert the transfer and delivery of the note to the plaintiff, and contest the allegation that the plaintiff is the owner and holder of the note. The defendants would have the right to give evidence that the note was lost by the payee after maturity, and that she had never parted with her title to it or ownership therein. The plaintiff's recovery would not be a bar to another action on the note by the real party in interest. The situation would be very materially changed, had the action been brought by the payee. As an illustration, take another test: Under the pleadings, as they now stand, who has the burden of proof? The note is not in the hands of the payee, if this complaint is true. The allegation that it has been transferred and delivered to the plaintiff, and that she is the lawful owner and holder thereof, prima facie, perhaps, upon the presentation of the note in open court, would be sufficient proof of the transfer to, and the ownership by, the plaintiff. Upon the production

by the plaintiff of the note sued upon, the presumption of law is raised, not only that the plaintiff is the holder of it, but that she is the holder thereof before maturity, and for full value. If the contrary is asserted, the burden of proof is upon the one asserting it to establish the fact by evidence. Bank v. Richardson, 2 N. Y. Supp. 804; Bank v. Grover, 88 Hun, 4, 34 N. Y. Supp. 496, Kidder v. Horribin, 72 N. Y. 159. The case of Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489, is not in point. In that case there was no denial of any of the averments in the complaint. There was an affirmative defense set up. The allegations of the complaint were admitted. In the case at bar, if there was necessity for making any proof, or taking any admissions, the plaintiff had the burden of proof, under the answer in question. Bank v. Judson, 122 N. Y. 278, 25 N. E. 367.

If I am correct in the conclusions reached, the motion for judgment upon the pleadings must be denied, with costs.