ANTHONY SCHAFFER, Respondent, *v.* WILLIAM F. HOLWILL, Appellant.

*Lloyds insurance policy — a demurrer interposed in an action against an underwriter thereon — when not overruled as frivolous.*

The complaint, in an action brought to enforce the individual liability of the defendant as an underwriter upon certain Lloyds policies of fire insurance, alleged that the policies provided: "No action shall be brought to enforce the provisions of this policy, except against the general managers as attorneys in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder, and any such action must be brought in the Supreme Court in the city and county of New York. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited;" it also alleged that a loss had occurred under the policies which was not paid, and that actions were brought in accordance with their terms and conditions against the attorneys in fact, and that judgments were duly taken in such actions which had not been paid, and that executions issued thereon had

been returned wholly unsatisfied. There was no allegation that any attempt had been made to satisfy the judgments obtained against the attorneys in fact from the funds provided for in the policies, or that such funds were in their hands, or that the attorneys in fact against whom the judgments were obtained were the attorneys in fact of the underwriters.

*Held*, that in the absence of such allegations, it could not be said that a demurrer, interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, was frivolous.

APPEAL by the defendant, William F. Holwill, from a judgment cf the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of July, 1899, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the defendant's demurrer to the complaint as frivolous, and also from an order entered in said clerk's office on the 28th day of July 1899, upon which said judgment was entered.

*Martin O'Brian*, for the appellant.

*Mortimer M. Menken*, for the respondent.

MCLAUGHLIN, J.:

This action was brought to recover a loss alleged to have been sustained by the plaintiff, under a policy of fire insurance, issued to the plaintiff by the South American Union Underwriters (Lloyds Company) and also a loss sustained under a policy issued to one Cooper, which had, prior to the commencement of this action, been assigned to the plaintiff.

A demurrer was interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff applied for an order overruling the demurrer as frivolous and for judgment. The order was granted and judgment entered, from both of which the defendant has appealed.

The complaint alleges that the defendant, at the time the policies were issued, was an underwriter in the South American Union Underwriters; that he was represented by his attorneys in fact, Daynes, Ryder & Co., and that as such attorneys, they issued to the plaintiff and to his assignor, Cooper, the policies of insurance referred to in the complaint, in the names of the defendant and thirty-nine other underwriters; that these policies, among other things,

provided that " In no event or contingency shall any underwriter hereon be liable for any part of any other underwriter's liability hereon ; the liability assumed hereby by each underwriter, being separate and individual only, as if each underwriter had issued to the assured herein a separate policy, their liability being several and not joint," and that " No action shall be brought to enforce the provisions of this policy, except against the general managers as attorneys in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder, and any such action must be brought in the Supreme Court, in the city and county of New York. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended ; if such premiums shall be insufficient, then out of the deposit made by the several underwriters ; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited."

The complaint further alleges that a loss occurred under each policy, which was not paid, and that actions were brought in accordance with the terms and conditions of the policies, against the attorneys in fact, and that judgments were duly taken in such actions, executions issued thereon and returned wholly unsatisfied, and that they have not been paid.

There is no allegation in the complaint that any attempt has been made to satisfy the judgments obtained against the attorneys in fact out of the premiums *in the hands of the underwriters,* or that such premiums are insufficient for that purpose. Neither is there any allegation that any effort has been made to satisfy these judgments out of the deposit made by the underwriters ; and there is no allegation to the effect that the attorneys in fact were the attorneys in fact of the underwriters ; on the contrary, there is an affirmative allegation that they were not. There is no allegation in the complaint that the premiums unexpended, or the deposits made by the underwriters referred to in the polices, were in the hands of the attorneys in fact.

In the absence of allegations of this character, we do not think it could be said that the demurrer was frivolous. It might be urged with no little force that, in the absence of these allegations, the

complaint does not state a cause of action, and we are of the opinion that it would require some argument on the part of the respondent to demonstrate that it does. It is, however, unnecessary for us, at this time, to — and we do not — pass upon that question. All we now decide is that the demurrer was not frivolous. A frivolous pleading is one that is so clearly and manifestly bad as to require no argument to demonstrate that fact. (*Strong* v. *Sproul*, 53 N. Y. 499.) It is one which, upon a bare inspection of it, can at once be seen to have been interposed in bad faith, and solely for the purpose of delay. When this can be seen, then it can be said that a pleading is frivolous, but if argument is necessary to demonstrate this fact, then clearly, under all the authorities, it is not so, and upon a summary application of this character, judgment cannot be granted.

It follows that the order and judgment appealed from must be reversed, with costs, and the motion denied, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, with costs, and motion denied, with costs.