## SCHAFFER v. HOLWILL. ·

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

PLEADING—DEMURRER—FRIVOLOUSNESS.

Lloyds' policies provided that actions should be brought against attorneys in fact, and judgment satisfied from unexpended premiums in the hands of the underwriters, and, if these were insufficient, from a deposit by the underwriters, and, if both such funds were insufficient, then from the underwriters' individual liability. A complaint alleged that executions on judgments recovered against the attorneys in fact had been returned unsatisfied, but failed to allege any attempt to satisfy the same from either or both of the funds, or that the funds were insufficient or exhausted or in the hands of the attorneys in fact, or that such attorneys were in fact the underwriters. *Held*, that a demurrer to such complaint for insufficiency of facts to constitute a cause of action was not frivolous.

Appeal from special term, New York county.

Action by Anthony Schaffer against William F. Holwill. From an order overruling a demurrer to the complaint, and from a judgment for plaintiff on the pleadings, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Martin O'Brian, for appellant.
Mortimer M. Menken, for respondent.

McLAUGHLIN, J. This action was brought to recover a loss alleged to have been sustained by the plaintiff under a policy of fire insurance issued to the plaintiff by the South American Union Underwriters (Lloyds' Company), and also a loss sustained under a policy issued to one Cooper, which had, prior to the commencement of this action, been assigned to the plaintiff. A demurrer was interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff applied for an order overruling as frivolous, and for judgment. The order was granted, and judgment entered, from both of which the defendant has appealed.

The complaint alleges that the defendant, at the time the policies were issued, was an underwriter in the South American Union Underwriters; that he was represented by his attorneys in fact, Daynes, Ryder & Co., and that, as such attorneys, they issued to the plaintiff and to his assignor, Cooper, the policies of insurance referred to in the complaint, in the names of the defendant and 39 other underwriters; that these policies, among other things, provided that:

"In no event or contingency shall any underwriter hereon be liable for any part of any other underwriter's liability hereon; the liability assumed by each underwriter being separate and individual only, as if each underwriter had issued to the assured hereon a separate policy; their liability being several and not joint." And that: "No action shall be brought to enforce the provisions of this policy, except against the general managers, as attorneys in fact, and representing all of the underwriters; and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder; and any such action must be brought in the supreme court, in the city and county of New York. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters,

unexpended; if such premiums shall not be sufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited."

The complaint further alleges that a loss occurred under each policy, which was not paid, and that actions were brought, in accordance with the terms and conditions of the policies, against the attorneys in fact, and that judgments were duly taken in such actions, executions issued thereon and returned wholly unsatisfied, and that they have not been paid. There is no allegation in the complaint that any attempt has been made to satisfy the judgments obtained against the attorneys in fact out of the premiums in the hands of the underwriters, or that such premiums are insufficient for that purpose. Neither is there any allegation that any effort has been made to satisfy these judgments out of the deposit made by the underwriters; and there is no allegation to the effect that the attorneys in fact were the underwriters. On the contrary, there is an affirmative allegation that they were not. There is no allegation in the complaint that the premiums unexpended, or the deposits made by the underwriters, referred to in the policies, were in the hands of the attorneys in fact. In the absence of allegations of this character, we do not think it could be said that the demurrer was frivolous. It might be urged with no little force that in the absence of these allegations the complaint does not state a cause of action, and we are of the opinion that it would require some argument on the part of the respondent to demonstrate that it does. It is, however, unnecessary for us at this time to, and we do not, pass upon that question. All we now decide is that the demurrer was not frivolous. A frivolous pleading is one that is so clearly and manifestly bad as to require no argument to demonstrate that fact. Strong v. Sproul, 53 N. Y. 499. It is one which, upon a bare inspection of it, can at once be seen to have been interposed in bad faith, and solely for the purpose of delay. When this can be seen, then it can be said that a pleading is frivolous; but, if argument is necessary to demonstrate this fact, then clearly, under all the authorities, it is not so, and, upon a summary application of this character, judgment cannot be granted.

It follows that the order and judgment appealed from must be reversed, with costs, and the motion denied, with costs. All concur.