### Richard Walsh et al. v. George B. Marvel.

1. ASSIGNMENT—*effect of verified plea of non est factum denying.* A verified plea of *non est factum* denying the execution of an assignment by a corporation destroys every presumption of authority in the officer purporting to make the same and requires proof of the assignment and of the authority to make the same; and, at common law, delivery in addition to execution must likewise be established where such a plea has been interposed.

2. CONSIDERATION—*when proof of, necessary.* Notwithstanding an allegation of consideration made in an *assumpsit* suit may not have been necessary, the same having been made must be proven.

Action in *assumpsit*. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

PEIRCE & PEIRCE, for appellants.

WELTY, STERLING & WHITMORE and MARTIN BRENNAN for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit by appellee against appellants upon a promissory note signed by them, and which reads as follows:

"$750.        Bloomington, Ill., February 25, 1904.

Four months after date, for value received, we promise to pay to the order of The Wm. R. White Company, Seven Hundred and Fifty Dollars, at the McLean County Bank in Bloomington, Ill. with interest at seven per cent. per annum until paid."

Upon the back of said note appear the following indorsements:

"Pay to the order of Grant Eaton, without recourse.

"The Wm. R. White Company,
"By G. W. Monroe, Sec'y."

The declaration after alleging the execution and delivery of the note in question, by appellants to the payee, on the 25th day of February, 1904, further avers that said payee "thereupon then and there, to wit, on the same day and year and place aforesaid, indorsed the said note in writing, by which said indorsement the said The Wm. R. White Company then and there ordered and appointed the said sum of money in the said note mentioned to be paid to the order of one Grant Eaton, for value received, and then and there delivered the said note so indorsed to the said Grant Eaton. And the said Grant Eaton thereupon, then and there, to wit, at the date and place aforesaid, assigned the said note for a valuable consideration, by his indorsement thereon, to the plaintiff," etc.

To the declaration the defendants interposed several pleas among which was one, verified, by which it was averred that "The Wm. R. White Company did not assign, indorse or deliver the said supposed promissory note * * to the said Grant Eaton in manner and form * * alleged; and that the said Grant Eaton

did not assign, indorse or deliver the said promissory note * * to the said George B. Marvel, plaintiff, in the manner and form * * alleged.''

The remaining pleas set up the illegality of the consideration for the note, which was a contract substantially similar to that under consideration by this court in White v. Moran, opinion filed December 21, 1906.

Issue was joined upon said pleas and a trial had by jury thereon.

Grant Eaton was called as witness by the plaintiff, and upon being shown the note in suit, testified that The Wm. R. White Company, by G. W. Monroe, secretary, executed the first assignment on the back thereof in the presence of witness, and further that he, the witness, executed the second assignment. The plaintiff then offered the note, together with the indorsements on the back thereof, and the same were admitted in evidence over the objection of the defendants. The plaintiff then rested his case; whereupon the defendants moved the court to direct a verdict in their favor.

Upon such motion being overruled the defendants elected to abide thereby. The court then directed the jury to return a verdict in favor of the plaintiff for the face of the note and interest, and rendered judgment thereon for the sum of $840.27.

Appellants contend that said judgment is erroneous for the reason, among others, that under the verified plea, appellee was required to prove, in the first instance, the authority of Monroe to execute the indorsement for the payee corporation, which it is alleged he had failed to do. Appellee insists that the authority of Monroe as secretary, to make the assignment, can not be questioned by a plea of *non est factum;* that the assignment by its secretary was *prima facie* the act of the corporation, and that a special plea denying the authority of the secretary was necessary to raise the question. It is true that had not the fact of the alleged assignment been put in issue by a plea verified by

affidavit as provided by section 34, chapter 110 of the
Statutes (Rev. Stat. 1905, 1535), the authority of the
secretary would be taken as admitted by the pleadings
and no proof thereof would have been essential. Frye
v. Tucker, 24 Ill. 181. The verified plea, however, de-
stroyed all of the presumptions that would otherwise
have been indulged with respect to the alleged indorse-
ments and it became necessary for appellee to prove
the same as at common law. Locksridge v. Nuckolls,
25 Ill. 178; Wallace v. Wallace, 8 Ill. App. 69. The au-
thority of Monroe as agent to execute the indorsement
was material to the act, and it was therefore essential
that it be affirmatively shown. Delahay v. Clement, 3
Ill. 575; City v. English, 180 Ill. 476; City v. Peck, 196
Ill. 260. An examination of the cases cited by counsel
for appellee in support of their contention to the con-
trary, discloses that in neither of them had there been
a verified plea of denial interposed.

Appellants contend that the judgment was errone-
ously entered for the further reason that while the sec-
ond indorsement by Eaton to appellee was proved, no
delivery of the note to either indorsee was established
by proper proof. We regard the objection as well
taken. Under the verified plea, to show that the legal
title to the note passed to appellee, it was essential to
prove not only the execution of the indorsements, but,
as well, the delivery of the note to each of the successive
indorsees. Badgley v. Votrain, 68 Ill. 25. So far as the
record discloses the note never left the possession of
the original payee. Standing alone the indorsements
were insufficient, in the face of the verified plea, to
convey the legal title to the note (Richards v. Darst,
51 Ill. 140), and were therefore insufficient to show
appellee to be the legal holder thereof. The mere offer
of the note in evidence by appellee on the trial, we do
not regard as evidence of possession in appellee.

It is finally urged by appellants that because appellee
averred an assignment of the note for value, the effect
of the verified plea was to cast upon him the burden of

proving, in the first instance, that he had paid value for the same. We are of opinion that while the averment that the plaintiff was the owner and holder of the note by indorsement before maturity for a valuable consideration may have been unnecessary, the interposition of the verified plea required him to prove a consideration as laid. Hughes v. Wilcox, 39 N. Y. Supp. 210; Smith v. Sac County, 11 U. S. 139; Mair v. Forbes, 21 Pac. Rep. (Cal.) 552. This he failed to do and the judgment must in consequence be reversed and the cause remanded. We do not deem it necessary to now discuss the remaining errors assigned.

*Reversed and remanded.*