## WILCOX v. HOME LIFE INS. CO.

(Supreme Court, Appellate Term.  June 25, 1909.)

PLEADING (§ 346*)—MOTIONS—SUMMARY JUDGMENT—FRIVOLOUS PLEADING.

 A judgment on motion, authorized by Code Civ. Proc. § 547, created by Laws 1908, p. 462, c. 166, § 1, if a party is entitled to judgment on the pleadings, should not be given plaintiff on the answer, unless it as a whole is frivolous, which is not the case where, though one defense is insufficient to raise an issue, the other defense has merit.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.*]

Appeal from City Court of New York, Special Term.

Action by George S. Wilcox against the Home Life Insurance Company.  From an order, defendant appeals.  Reversed, and motion denied.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles Haldane, for appellant.

Bangs & Van Sinderen, for respondent.

PER CURIAM.  Plaintiff obtained an order for judgment on the answer, under section 547 of the Code, created by Laws 1908, p. 462, c. 166, § 1, which order, however, gave leave to the defendant to plead over on payment of costs and upon serving an amended answer within six days from service of the order; otherwise, final judgment to be entered upon the pleadings.  Defendant appeals from that part of the order which grants judgment.

The reason alleged for granting the order seems to be that the first defense is insufficient to raise an issue, but that the second defense had merit. A summary judgment should not be given on an answer, unless the answer as a whole is frivolous, since, if one of the defenses is good, the whole answer is clearly not frivolous. Strong v. Sproul, 53 N. Y. 497.

The order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.