## NYE v. POWER.

(Supreme Court, Special Term, Cayuga County. June 27, 1910.)

1. PLEADING (§ 358*)—FRIVOLOUS ANSWER—STRIKING.

    In an action on a note executed by defendant to plaintiff, an answer denying that defendant is indebted to plaintiff on the note in any sum is insufficient to raise an issue, and will be stricken as frivolous and irrelevant.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1099; Dec. Dig. § 358.*]

2. BILLS AND NOTES (§ 480*)—ACTIONS—PLEADING—OWNERSHIP OF NOTE.

    Where, in an action on a note given by defendant to plaintiff, the complaint alleged that plaintiff was the owner and holder of the note, an answer denying that plaintiff was the owner and holder raised an issue of fact.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1526–1529; Dec. Dig. § 480.*]

3. BILLS AND NOTES (§ 480*)—ACTIONS—PLEADING—OWNERSHIP OF NOTE.

    Where plaintiff suing on a note executed by defendant to him does not allege that he is the owner and holder, defendant, to raise the issue of ownership, can only do so by pleading affirmatively that plaintiff is not the owner and holder.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1526–1529; Dec. Dig. § 480.*]

Action by George H. Nye against James Harrison Power. Motion by plaintiff to strike out as frivolous and irrelevant the first two defenses. Granted in part, and denied in part.

Teller & Hunt, for the motion.

Buchanan, Lawyer & Whalen, opposed.

FOOTE, J. The complaint alleges the execution by the defendant to plaintiff for value of his promissory note for $1,200 February 1, 1910, payable 30 days after date to the plaintiff or order, at the Cayuga National Bank, Auburn, N. Y., "and thereupon duly delivered the said note to the plaintiff who is the owner and holder thereof and that no part thereof has been paid, and the defendant is indebted thereon to this plaintiff in the sum of $1,200.00, with interest thereon from the 2nd of March, 1910."

The defendant's answer is as follows:

"(1) Denies, upon information and belief, that the plaintiff is the owner and holder of the promissory note mentioned and described in the complaint. (2) Denies that defendant is indebted to the plaintiff upon said note in any sum whatever."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant then pleads two counterclaims.

Plaintiff moves to strike out the two defenses consisting of denials, on the ground that they are frivolous and irrelevant.

It is very likely true, as claimed by the plaintiff, that the complaint would have been sufficient had it simply alleged the making for value and delivery to the plaintiff of the note in suit without the addition of the allegations that the plaintiff is the owner and holder, and that the defendant is indebted thereon to the plaintiff. It is also true that the second denial of indebtedness to the plaintiff is insufficient to raise any issue. But the defendant has the right to put in issue the question as to whether the plaintiff is now the owner and holder of the note in suit. If the plaintiff had not alleged that he was such owner and holder, then the defendant could have raised that issue only by pleading affirmatively that the plaintiff was not such owner and holder. It being alleged, however, by the plaintiff that he is the owner and holder, I see no reason why the defendant should not be allowed to raise the issue by simply denying that allegation of the complaint, and the authorities cited by the plaintiff support that view. Genesee Mutual Ins. Co. v. Moynihen, 5 How. Prac. 321; Temple v. Murray, 6 How. Prac. 329; Moss v. Barton, 12 Wkly. Dig. 524; Colt v. Davis, 50 Hun, 366, 3 N. Y. Supp. 354; Hughes v. Wilcox, 17 Misc. Rep. 32, 39 N. Y. Supp. 210.

There are a few older cases cited by the plaintiff, which hold that a denial of an allegation that the plaintiff is the owner and holder is not a denial of an allegation of fact but of a conclusion of law, but the authorities above cited must be deemed to have overruled those cases, if they are in conflict. Most of them are, however, distinguishable, and such as are not do not contain enough of the contents of the pleading to show whether they present the same question presented here.

It follows that the plaintiff's motion should be granted as to the defense numbered second containing the denial that the defendant is indebted to plaintiff, and denied as to the defense numbered first, which denies that the plaintiff is the owner and holder of the promissory note, without costs to either party.