## CAHOON vs. WIS. CENTRAL R. R. CO., et al.

### APPEAL FROM CIRCUIT COURT, WALWORTH COUNTY.

Heard October 14, 1859.]                    [Decided January 4, 1860.

*Frivolousness—Judgment—Assessment—Answer—Indorser.*

Where judgment has been ordered on motion for the frivolousness of a demurrer, no assessment by the clerk of the amount due is necessary, if the complaint be verified.

So where judgment has been ordered on motion for the frivolousness of a demurrer, no affidavit of want of answer is required· Such a judgment is not founded on the want of an answer, but upon an issue of law found for the prevailing party.

Whether a party who writes his name on the back of a promissory note before delivery, is liable to the payee as indorser, is not so well settled, that a demurrer to a complaint showing such a state of facts, will be deemed frivolous.

To constitute a pleading frivolous, it must be apparent on a mere inspection, without examination or research, that it is utterly invalid.

The cases of *Farmers' and Millers' Bank* vs. *Sawyer,* 7 Wis., 379 ; *Van Slyke* vs *Carpenter,* id., 179 ; *Martin* vs. *Weil,* 8 id., 220, considered and approved.

This was an action commenced by William Cahoon, against the Wisconsin Central Railroad Company, as maker, and James Haskins and John S. Partridge, as indorsers, of the following promissory note :

"OFFICE OF THE WISCONSIN CENTRAL RAILROAD COMPANY, ⎱
                              *Elkhorn, June 9th,* 1857. ⎰

" $275.        Six months after date, the Wisconsin Central Railroad Company promise to pay Wm. Cahoon or bearer, two hundred and seventy-five dollars, for value received, with interest, at 10 per cent. per annum, until due, and after maturity, 12 per cent.

JOHN S. PARTRIDGE, Vice President.

" Attest, EDWIN HODGES."

The complaint alleged the corporate existence of the company, and the authority of Partridge to make the note ; also the indebtedness of the company to the plaintiff ; and that the other defendants signed the note on the day of its making,

and before delivery; and the same was duly presented for payment, &c., and notice given to the indorsers. To this complaint the defendants demurred generally. The other facts in the case are stated in the opinion of the court.

*John E. Holmes,* for the appellants.

We claim that judgment was irregularly entered in this action, on account of non-compliance with section 158 of Code, as directed by section 179, upon the trial of an issue of law. In that there was no notice of assessment by the Clerk. Code, § 158; *Cook vs. Pomeroy,* 10 How., Pr. R., 103 *King vs. Stafford,* 10 id., 30; *Auyr vs. Chase,* 1st Code, Rep. N. S., 151.

The complaint states that the defendants, Haskins and Partridge, before the note was delivered to the plaintiff, in order to give currency to the note, and to induce the plaintiff to accept the same, severally endorsed it, by writing their names upon the back. In this statement the plaintiff alleges nothing more than that the defendants, Haskins and Partridge, undertook to answer for the default of payment by the company ; and admitting all there stated to be true, the promise implied on the part of these defendants is void, under the statute of frauds. Rev. Stat., chap. 107, § 2 ; *Taylor et al. vs. Pratt,* 3 Wis., 674.

*Cary & Pratt,* for the respondent.

*By the Court,* PAINE, J. This action was on a promissory note, executed by the R. R. Co., and indorsed by the other defendants. Separate demurrers were filed by the company, and the indorsers, which, on motion, were adjudged frivolous, and judgment entered for the plaintiff. From this judgment all the defendants appealed.

It is claimed, in the first place, that notice of assessment by the clerk should have been given. We deem this clearly unnecessary, as no assessment was necessary. The complaint was verified, and section 158 of the code only requires an assessment by the clerk, when the complaint is not verified; and this view is fully sustained by the authorities cited in

support of the objection. *Cook vs. Pomeroy,* 10 How., Pr. 103.

It is also urged that an affidavit should have been filed that no answer had been received. But this cannot be required. It is true that section 179 provides that on a judgment for the plaintiff, on an issue of law, he may proceed as prescribed by the first two subdivisions of section 158, on failure to answer. But this can only mean that he is to proceed under section 158 so far as that can be applied consistently with the reasons that entitled him to judgment. Where the whole proceeding is under that section, it is the failure to answer that entitles him to judgment, and of course he must prove a failure to answer; but where he is entitled to it, on an issue of law found in his favor, under section 179, then a failure to answer is not the reason that he is entitled to judgment, and he cannot be required to prove it. If this was held requisite, the party whose demurrer had been adjudged frivolous, might immediately serve an answer, and thus deprive the plaintiff of his judgment.

We think the demurrer of the R. R. Co. is clearly frivolous, but the majority of the court think that of the indorsers not so. The note was payable to the plaintiff or bearer, and had never been transferred ; and there is much in the books to suggest a doubt whether they can be considered as indorsers, in the strict sense and meaning of the term ; an indorsement generally importing a transfer of the instrument. There are many decisions that would hold them as makers, or guarantors. But this doctrine has been much questioned, of late ; and the precise effect of an indorsement of this kind does not seem to be so clearly settled as to bring this demurrer within the rule as to frivolousness. In *Dean vs. Hall,* 17 Wend., 222–3, the court, under just such an indorsement as this, held the parties liable as indorsers ; but there the note had been negotiated by the payee, and the court expressly state, that if the action had been brought by the payee, with-

out any transfer, it would present a question of some diffi-
culty. It may appear upon examination, that these parties
are very clearly liable as indorsers. We only say now, that it
is not so clear as to come within the decisions of this court
as to frivolousness, which are, that it must be apparent on a
mere inspection, without examination or research, that the
pleading is utterly invalid. *Farmers' and Millers' Bank vs.
Sawyer,* 7 Wis., 379 ; *Van Slyke vs. Carpenter,* id., 179 ; *Mar-
tin vs. Weil,* 8 id., 220.

The judgment, as against the Railroad Company, is af-
firmed, with costs; as against the other appellants, it is re-
versed, with costs, and the cause remanded.

