## VANDERPOOL and Another *v.* BRAKE.

PROMISSORY NOTES.—PRACTICE.—When the assignor of a note, assigned by delivery only, is made a party defendant to answer to his interest, and is served with process, the failure to take a default against him is not error for which the judgment will be reversed on appeal by the maker of the note, no question having been made below as to the plaintiff's right to sue.

ESTOPPEL.—If the maker of a note, by himself or an agent, represents to a person about to take an assignment of the note that the note is a valid obligation, and that he has no defense to it, he will be estopped to plead a failure of consideration to a suit by the assignee.

APPEAL from the *Vigo* Common Pleas.

RAY, J.—The appellee brought his action against the appellants and others, to foreclose a mortgage executed by the husband and wife upon the wife's real estate, to secure a note given by the husband to one of his co-defendants, and transferred by delivery to the appellee. The mortgage was duly assigned. It is insisted that although the payee of the note was made a party, and was served with process, yet as no default was taken against him, the judgment must be reversed. We decide otherwise. The appellants did not dispute that the appellee was the party in interest, and cannot now avail themselves of that question. The appellants answered separately. The husband, that a part of the consideration of the note had failed. The wife denied the consideration in part of the mortgage, admitting that a portion of the note was for money paid to relieve her property from certain judgment liens. The reply was, that the appellants had executed the note for the purpose of raising money upon its sale, and had informed the appellee that they had no defense to it, and urged him to purchase it. The testimony was conflicting, but there was evidence that they had both made such representations to one who acted as their agent, and that upon his statement of that fact, the purchase of the note had been made. That such was the fact, was denied by the husband and wife, but the court found for the appellee, and we cannot, under the long

established practice of this court, disturb the finding. Where such representations are made to an agent of either party, and relied upon by the purchaser, the maker of the note will be estopped to deny his liability.

The judgment is affirmed, with costs.

*T. H. Nelson* and *I. N. Pierce*, for appellants.

*D. W. Voorhees* and *J. J. Key*, for appellee.