## SUPREME COURT.

### Matthew Griffin agt. Hiram Todd.

*Motion for judgment on account of frivolous answer.*

To justify a judgment for the plaintiff on account of the frivolousness of the answer, the point presented should be so clear as to require no argument.

This is not the case where the plaintiff complains for goods sold and delivered on a credit which is alleged to have been obtained by fraud, and the defendant not only denies the cause of action, but in one of his defenses, specifically puts in issue the allegation of fraud.

The question whether the plaintiff can or cannot recover for goods sold without proving the fraud is a disputable and debatable one.

*Ulster County Special Term, October*, 1874

Motion for judgment on account of the frivolousness of the answer.

*M. Griffin*, attorney, in person, for the motion.

*S. P. Ives*, opposed.

Westbrook, *J.* — The complaint is for goods sold and delivered by plaintiff to defendant, alleging the credit was obtained by fraud.

The answer, first, denies the complaint as "the same is therein alleged;" second, it denies that defendant, through fraudulent representations, made any purchase of goods, as alleged by the plaintiff in his complaint; third, it alleges that prior to the commencement of this action plaintiff was and still is indebted to this defendant in the sum of

Griffin agt. Todd.

$65.14, being for money paid the plaintiff at his request, and for labor done at the request of the plaintiff, all within the last six years past; therefore, demand judgment for costs. The pleadings were under oath; and the defendant also presents an affidavit of merits on this motion.

The plaintiff seeks to recover for goods sold to defendant, alleging that the sale was procured by fraud. The fraud thus becomes an important and material part of the case (*Ross* agt. *Mather*, 51 *N. Y. R.*, 108). The answer not only denies the cause of action set out in the complaint, as the same is therein alleged, but it also, specifically, by the statement of a second defense, puts in issue the fraud.

To justify a judgment for the plaintiff on account of the frivolousness of the answer, the point presented should be so clear as to require no argument.

In my opinion, the question is not so clear as to justify an order for judgment within the case of *Ross* agt. *Mather*, cited above. I think the fraud becomes an essential part of the cause of action; and hence the answer is technically right. I do not, however, absolutely, so decide, but simply decide that the case, just referred to, goes so far in the establishment of a principle that, at least, the question whether the plaintiff can or cannot recover for goods sold, without proving the fraud, is a disputable and debatable one, and hence, within the established rule to which reference has been made, that, to justify judgment for plaintiff, the point must be apparent without argument. This motion must be denied.

The plaintiff has also another difficulty. If the action can be turned into a simple one of *ex contractu* for goods sold, then the part of the answer which interposes a set-off would be good, and prevent the recovery of a judgment upon this motion.

The motion is denied, with ten dollars costs