IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1886.*

---

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
" M. B. REESE, } JUDGES.
" AMASA COBB,

---

JULIA ABBOTT AND BROWN & RYAN BROTHERS, PLAIN-
TIFFS IN ERROR, V. ALONZO ABBOTT ET AL., DE-
FENDANTS IN ERROR.

1. **Fraud.** The representation of a fact in the future, and not a
mere promise which has been acted upon and turns out to be
false, will entitle the injured party to the same remedies as
fraudulent misrepresentations of an existing fact.

2. **Lien of Attorney.** An attorney is not entitled to a lien be-
fore judgment upon a cause of action for tort, which in case of
case of the death of the parties would not survive.

ERROR to the district court of Lancaster county. Tried
below before MITCHELL, J.

---

* NOTE.—Decisions herein published as of this term, are cases
argued and taken under advisement at July Term, 1885, and filed
prior to Jan. 8, 1886, when, under the constitution, Judge Maxwell
became Chief Justice.—REP.

*Brown & Ryan Brothers,* for plaintiffs in error.

*Lamb, Ricketts & Wilson,* for defendants in error.

MAXWELL, J.

This case is presented to the court upon two petitions in error upon separate orders of the district court, one of which denied the right of Julia Abbott to reinstate the case, and the other the right of Brown & Ryan Brothers to an attorney's lien and to intervene. The action was originally brought by Julia Abbott to recover damages of the defendants for " colluding, conspiring, and confederating together to injure the plaintiff, and to alienate and estrange from. plaintiff her husband, and to deprive her of the society of her husband, and to cause plaintiff to lose her home, and to bring her and her good name into disrepute," etc. Then follows a statement of the alleged acts causing the injury. This petition was filed in December, 1883. Answers were filed in March, 1884, and notice of an attorney's lien in April of that year. In May, 1884, the plaintiff dismissed her action in vacation. Afterwards, in April, 1885, she filed a motion supported by an affidavit to reinstate the case. In her affidavit she states in substance that the defendant Abbott, through an agent, promised to convey to her a house and lot worth at least $1,000, that her husband, the father of her child, and son of the defendant, should live with her again ; that the defendant would furnish her money as she needed it; that her husband did reside with her until after the case of the *State v. Alonzo Abbott* was tried, when her husband left her and has continued to remain away ever since. She also alleges the failure of the defendant to comply with any of the conditions upon which the dismissal was made, etc. She further states " that relying alone upon the above promises I signed the stipulations above referred to."

There are other material allegations to which it is unnecessary to refer. For the purposes of this motion we must consider the allegations of the affidavit as true, and so considered, sufficient is shown to require the court to reinstate the case. While fraud cannot be predicated upon a mere promise not performed, *Perkins v. Lougee*, 6 Neb., 220, yet, where a party through misrepresentation and fraud has gained an advantage in the action, a court of equity in a proper case will grant appropriate relief; and this, even if the advantage was obtained by fraudulent promises in the nature of the assertion of facts which there was no intention to perform—that is, where the representation is that of a fact in the future and not a mere promise, and it is relied upon, and turns out to be false, the remedies of the injured party are the same as where fraudulent misrepresentations are made in regard to existing facts. *Choteau v. Goddin*, 39 Mo., 229. *Vanderpool v. Brake*, 28 Ind., 130. *Bridgway v. Morrison*, Id., 201. *Davidson v. Young*, 38 Ill., 145. *De Beil v. Thompson*, 3 Beav., 469. *Bold v. Hutchinson*, 20 Id., 250. The court, therefore, erred in overruling the motion to reinstate.

2. The right of Brown & Ryan Brothers to intervene and assert their attorney's lien. No case was cited by them on the argument holding that an attorney had a lien prior to the recovery of judgment in a cause of action for tort which in case of the death of the parties would not survive; and in our view no such lien exists. We must hold, therefore, that they have no right to intervene. The court, therefore, did not err in overruling their motion. The order as to Julia Abbott is reversed and the cause remanded to the district court with directions to reinstate the case in her favor, and as to Brown & Ryan Bros., the order of the court below is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.