RUMSEY, J.
The action was brought to foreclose a mort gage. Biersack is the mortgagor, and made the bond; and judgment for deficiency is asked against him: The mortgage was dated December 12, 1894, to secure $3,000, in installments of $300, the first of which was due March 1, 1895, and the same amount each six months thereafter. It was further agreed that the whole principal sums should become due, at the option of Gruenstein, on default being made in the payment of any installment, or after default in the payment of interest for thirty days. The complaint, in its seventh paragraph, alleged that:
“The defendants have failed to comply with the condition of said bond or mortgage by omitting to pay an installment,'on account, of the principal, amounting to $300, which became due and payable on the 1st day of September, 1895, and that no part thereof has been paid. That the plaintiff has elected, and now elects, to deem the whole of the said principal sum of said bond and mortgage remaining unpaid to be immediately due and payable,and that there is now justly due and payable to the plaintiff, on said bond and mortgage, the principal s.um of $2,700, with interest from March 1, 1895.”
The answer of Biersack admitted each allegation of the complaint except the seventh paragraph. He says he has no knowledge or information sufficient to form a belief as to that portion of the seventh paragraph quoted above to and including the words “ immediately due and payable,” repeating the whole allegation, and he denies the remainder of the paragraph. The learned justice at special term held that these denials were frivolous, and ordered judgment for the plaintiff. Biersack appeals.
The denial in this form is allowed by the Code, and, whatever might be the weight to be attached to it upon a motion to strike it out as sham, the mere form is of no importance upon this motion. Sheldon v. Heaton, 78 Hun, 50; 60 St. Rep. 818. An answer can be said to be frivolous only when it is so clearly bad as to require no argument to show its character, and which would be said to be manifestly defective, so as to be indicative of bad faith, upon a mere inspection. Strong v. Sproul, 53 N. Y. 497. Unless it appeal’s, by inspection of the pleading,- that it raises no issue upon any fact which the plaintiff must prove, it is not frivolous, however objectionable it may be in other respects. The plaintiff here seeks to recover the whole amount of her debt, and to have a personal judgment against Biersack for-it, if the mortgaged property will'not, upon the sale, bring enough to pay it. The fact that the mortgage is all due is not established by merely producing it. The plaintiff must prove, in addition, that an installment is not paid, and that she elects to consider it all due. Her allegation that it is so is not that of a mere conclusion of law, but of a fact. Allen v. Patterson, 7 N. Y. 476. This fact is put in issue by the answer.
*156 But it is said that part payment is an affirmative defense, and eannot be shown under a denial. That is true. McKyring v. Bull, 16 N. Y. 297. lithe suit were brought simply to foreclose for the failure to pay the installment which fell due" September 1st, and the relief asked were only for that .installment, it might be that the defendant, to raise that question, would be compelled to plead that he had paid it. But that failure is alleged here, not merely as a failure to pay, but as one of the facts'upon which he bases his claim that a condition subsequent has not been performed, and the whole debt has become clue. Considered as such a fact, an essential one in the chain, the plaintiff must prove it. When that fact stands in such a relation to the plaintiff’s case, the fact of nonpayment is put in issue by a denial. Knapp v. Roche, 94 N. Y. 329. The answer is, therefore, not’frivolous, and the motion for judgment should have been denied.
The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.
All concur.