### TRUMBULL v. ASHLEY.

(Supreme Court, Appellate Division, Second Department.　February 11, 1898.)

FRIVOLOUS ANSWER.
　　　A verified answer which denies a material allegation of the complaint cannot be stricken out as frivolous, even though the denial is upon information and belief, and although it appears highly improbable that the defendant should not have been aware of the exact facts.

Appeal from special term.

Action by Franklin J. Trumbull against John J. Ashley. From a judgment for plaintiff, entered on an order striking out defendant's answer as privileged, and directing judgment on the pleadings, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Clifton V. Edwards, for appellant.

Max J. Bernheim (Louis W. Dinkelspiel, on brief), for respondent.

WOODWARD, J. This action was brought to recover the sum of $170.92 on account of the defendant's unpaid subscription to the capital stock of the American Engineering Works, of which the plaintiff herein is a judgment creditor. It is alleged in the complaint that the plaintiff has performed certain services for the American Engineering Works, for which he has recovered a judgment, upon which an execution was issued, which has been returned unsatisfied; and he now seeks to recover of the defendant as a stockholder in the said corporation. It is also alleged, on information and belief, that defendant, John J. Ashley, "subscribed for and owns five shares of the capital stock of said American Engineering Works, par value of which is five hundred dollars, but that said amount, five hundred dollars, has never been paid in by him," and, "on information and belief, that said corporation was organized in the year 1896, with a capital stock of five thousand dollars, divided into fifty shares of the par value of one hundred dollars each; that the amount of stock actually subscribed was fifteen hundred dollars, and of this amount five hundred dollars was actually paid in by the stockholders." The answer admits, or refuses to deny, all of the allegations except those set out in paragraphs 3 and 4 of the complaint, and which are quoted above, and these are denied on information and belief. The plaintiff made a motion at a special term for judgment against the defendant, on the ground that the answer of the defendant was frivolous, and for an order striking out as a sham and false in fact that part of defendant's answer embraced in paragraph No. 11 of said answer. The learned court, upon a hearing of the motion, ordered and adjudged that "the answer of the defendant herein be overruled as frivolous, and that the plaintiff have judgment thereon for the relief demanded in the complaint, with the costs and disbursements of this action, and ten dollars costs of this motion." The defendant appeals from this order.

The court below having refused to pass upon the motion to strike out paragraph 2 of the answer, and rendering its judgment solely upon the proposition that the answer, considered as a whole, was frivolous, there is but one question presented to this court for decision, and that is whether the court below erred in overruling the answer of the defendant upon the grounds stated. Upon this point there can hardly be two opinions. "It is now settled," says Justice Hatch in the case of Humble v. McDonough, 5 Misc. Rep. 508, 25 N. Y. Supp. 965, "that a denial upon information and belief is authorized by section 500, Code Civ. Proc.," and, if the answer of the defendant denied a material fact necessary to a cause of action, he was clearly within the rule as stated by Justice Hatch, and the court, in overruling such an answer, was in error. The plaintiff alleges—and the allegation is necessary to maintain the action—that the "said corporation was organized in the year 1896 with a capital stock of five thousand dollars, divided into fifty shares, of the par value of one hundred dollars each; that the amount

of capital stock actually subscribed was fifteen hundred dollars, and of this amount five hundred dollars was actually paid in by the stockholders." This the defendant denies upon information and belief. Again, it is alleged—and the allegation is necessary to the maintenance of the action—that defendant, "John J. Ashley, subscribed for and owns five shares of the capital stock of said American Engineering Works, par value of which is five hundred dollars, but that said amount, five hundred dollars, has never been paid in by him." This the defendant denies upon information and belief; and, however improbable it may have appeared to the court below that the defendant should not have been aware of the exact facts, the issue having been raised, the burden of proving the allegations was thrown upon the plaintiff, and it was not within the province of the court to overrule the answer upon the ground that it was frivolous. "An answer can be said to be frivolous only when it is so clearly bad as to require no argument," says Justice Rumsey in the case of Gruenstein v. Jablonsky, 1 App. Div. 580, 37 N. Y. Supp. 538, "to show its character, and which would be said to be so manifestly defective as to be indicative of bad faith upon a mere inspection. Strong v. Sproul, 53 N. Y. 497. Unless it appears by inspection of the pleading that it raises no issue upon any fact which the plaintiff must prove, it is not frivolous, however objectionable it may be in other respects." "An answer must be tested," says Justice Landon in the case of Association v. Niver, 4 App. Div. 618, 39 N. Y. Supp. 414, "by the complaint; and, if it puts in issue its material allegations as to the defendant, it is good enough for the purposes of the action." "We think, therefore, upon reason as well as upon the construction of the Code," says Judge Andrews, in delivering the opinion of the court in the case of Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669, "a denial in a verified answer of a material allegation in the complaint, 'upon information and belief,' is good. Any other conclusion would lead in some cases to great injustice. There are diverse authorities upon the question, but the great preponderance of authority supports the conclusion we have reached." The denial of a material fact is not frivolous. Its character is not changed by the fact that the denial is made upon "information and belief," and the court below was clearly in error in overruling the answer of the defendant.

The judgment of the court is therefore reversed. All concur.