FRANKLIN J. TRUMBULL, Respondent, v. JOHN J. ASHLEY, Appellant.

*An answer denying material allegations upon information and belief cannot be overruled as frivolous.*

In an action brought by a judgment creditor of a corporation to recover of a stockholder thereof a certain sum because of his unpaid subscription, an answer denying upon information and belief allegations of the complaint as to the time when the corporation was organized, the amount of its stock, the amount actually subscribed for and the amount actually paid in, and as to the defendant's failure to pay his subscription to the stock, puts in issue material allegations of the complaint, and cannot be overruled as frivolous, however improbable it may appear to the court that the defendant is not aware of the exact facts.

APPEAL by the defendant, John J. Ashley, from a judgment of the Supreme Court in favor of the plaintiff for $214.36, entered in the office of the clerk of the county of Kings on the 16th day of August, 1897, upon an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of August, 1897, striking out the answer as frivolous and directing the entry of judgment on the pleadings in favor of the plaintiff, with notice of an intention to bring up for review upon such appeal the said order.

*Clifton V. Edwards*, for the appellant.

*Max J. Bernheim* [*Louis W. Dinkelspiel* with him on the brief], for the respondent.

WOODWARD, J.:

This action was brought to recover the sum of $170.92 on account of the defendant's unpaid subscription to the capital stock of the American Engineering Works, of which the plaintiff herein is a judgment creditor. It is alleged in the complaint that the plaintiff has performed certain services for the American Engineering Works, for which he has recovered a judgment, upon which an execution was issued, which has been returned unsatisfied, and he now seeks to recover of the defendant as a stockholder in the said corporation. It is also alleged, on information and belief, that defendant, John J. Ashley, "subscribed for and owns five shares of the capital stock of said American Engineering Works, par value of which is five hundred dollars, but that said amount, five hundred dollars, has never been paid in by him," and "on information and belief that said corporation was organized in the year 1896 with a capital stock of five thousand dollars, divided into fifty shares of the par value of one hundred dollars each; that the amount of capital stock actually subscribed was fifteen hundred dollars, and of this amount five hundred dollars was actually paid in by the stockholders."

The answer admits, or refuses to deny, all of the allegations except those set out in paragraphs 3 and 4 of the complaint, and which are quoted above, and these are denied on information and belief. The plaintiff made a motion at a Special Term for judgment against the defendant on the ground that the answer of the

defendant was frivolous, and for an order striking out as a sham and false in fact that part of defendant's answer embraced in paragraph No. 2 of said answer. The learned court, upon a hearing of the motion, ordered and adjudged " that the answer of the defendant herein be overruled as frivolous, and that the plaintiff have judgment thereon for the relief demanded in the complaint, with the costs and disbursements of this action and ten dollars costs of this motion.". The defendant appeals from this order.

The court below having refused to pass upon the motion to strike out paragraph 2 of the answer, and having rendered its judgment solely upon the proposition that the answer, considered as a whole, was frivolous, there is but one question presented to this court for decision, and that is whether the court below erred in overruling the answer of the defendant upon the grounds stated. Upon this point there can hardly be two opinions. " It is now settled," says Justice HATCH in the case of *Humble* v. *McDonough* (5 Misc. Rep. 508), "that a denial upon information and belief is authorized by section 500, Code of Civil Procedure," and if the answer of the defendant denied a material fact necessary to a cause of action, he was clearly within the rule as stated by Justice HATCH, and the court, in overruling such an answer, was in error. The plaintiff alleges, and the allegation is necessary to maintain the action, that the " said corporation was organized in the year 1896 with a capital stock of five thousand dollars, divided into fifty shares of the par value of one hundred dollars each; that the amount of capital stock actually subscribed was fifteen hundred dollars, and of this amount five hundred dollars was actually paid in by the stockholders." This the defendant denies upon information and belief.

Again, it is alleged, and the allegation is necessary to the maintenance of the action, that defendant " John J. Ashley subscribed for and owns five shares of the capital stock of said American Engineering Works, par value of which is five hundred dollars, but that said amount, five hundred dollars, has never been paid in by him." This the defendant denies upon information and belief, and however improbable it may have appeared to the court below that the defendant should not have been aware of the exact facts, the issue having been raised, the burden of proving the allegations was thrown upon the plaintiff, and it was not within the province of the

court to overrule the answer upon the ground that it was frivolous. "An answer can be said to be frivolous only when it is so clearly bad as to require no argument," says Justice RUMSEY in the case of *Gruenstein* v. *Jablonsky* (1 App. Div. 580) "to show its character, and which would be said to be so manifestly defective as to be indicative of bad faith upon a mere inspection. (*Strong* v. *Sproul*, 53 N. Y. 497.) Unless it appears by inspection of the pleading that it raises no issue upon any fact which the plaintiff must prove, it is not frivolous, however objectionable it may be in other respects." "An answer must be tested," says Justice LANDON in the case of *West End Savings & Loan Association* v. *Niver* (4 App. Div. 618), "by the complaint, and if it puts in issue its material allegations as to the defendant, it is good enough for the purposes of the action." "We think, therefore, upon reason as well as upon the construction of the Code," says Judge ANDREWS in delivering the opinion of the court in the case of *Bennett* v. *Leeds Manufacturing Co.* (110 N. Y. 150), "a denial in a verified answer of a material allegation in the complaint, 'upon information and belief,' is good. Any other conclusion would lead in some cases to great injustice. There are diverse authorities upon the question, but the great preponderance of authority supports the conclusion we have reached."

The denial of a material fact is not frivolous; its character is not changed by the fact that the denial is made upon "information and belief," and the court below was clearly in error in overruling the answer of the defendant.

The judgment of the court is, therefore, reversed.

All concurred.

Judgment reversed, with costs to the appellant to abide the event, and motion denied, with ten dollars costs.