### BEDLOW v. STILLWELL.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

PLEADING—FRIVOLOUS ANSWER—STRIKING OUT.

Where a complaint by a widow, in an action on a judgment declaring her entitled to dower in land conveyed by her husband, in which conveyance she did not join, stated that defendant had leased the land from a certain date, from which time by the terms of a judgment, dower was to be computed, and that he had collected a certain net sum, to one-third of which she was entitled, an answer denying that she was entitled to such portion of such sum; that the judgment fixed no sum after a certain date, but fixed a sum prior to that date, which had been paid; that the judgment having been satisfied constituted a bar to the action, and that such judgment declared that since a certain date the children of plaintiff's husband were and had been the owners of the property, from which defendant had appealed, and that no leave of court had been granted plaintiff to bring the action,—does not, from a bare inspection, show that it was interposed in bad faith, and hence should not be stricken out as frivolous.

Appeal from special term, New York county.

Action by Fannie M. Bedlow against Sarah A. Stillwell. From an order striking out defendant's answer as frivolous, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George W. Stephens, for appellant.

George B. Covington, for respondent.

O'BRIEN, J. The plaintiff moved to overrule the amended answer herein as frivolous, and for judgment thereon, and from the order entered granting such motion the defendant appeals.

The rule to be applied upon motions to strike out a pleading as frivolous has been so many times stated that a restatement would seem to be unnecessary, and yet the failure of the court below to apply it requires a reference thereto. The distinction between a motion to strike out a pleading as frivolous and the question presented on demurrer must not be lost sight of. One is a summary way of getting rid of the pleading on motion, and the other is the orderly manner of proceeding by argument to try the issue of law. On demurrer a pleading after argument and deliberation might be held bad, which, on motion, should not be stricken out as frivolous. A pleading is not frivolous unless it is indicative of bad faith in the pleader upon bare inspection. If any extended argument is needed to show its

insufficiency, it is not frivolous. In Trumbull v. Ashley, 26 App. Div. 356, 49 N. Y. Supp. 786, it was said:

" 'It was not within the province of the court to overrule the answer upon the ground that it was frivolous. An answer can be said to be frivolous only when it is so clearly bad as to require no argument,' says Justice Rumsey in the case of Gruenstein v. Jablonsky, 1 App. Div. 580, 37 N. Y. Supp. 538, 'to show its character, and which would be said to be so manifestly defective as to be indicative of bad faith upon a mere inspection. Strong v. Sproul, 53 N. Y. 497. Unless it appears by inspection of the pleading that it raises no issue upon any fact which the plaintiff must prove, it is not frivolous, however objectionable it may be in other respects.' 'An answer must be tested,' says Justice Landon in the case of Association v. Niver, 4 App. Div. 618, 39 N. Y. Supp. 414, 'by the complaint, and, if it puts in issue its material allegations as to the defendant, it is good enough for the purposes of the action.' 'We think, therefore, upon reason as well as upon the construction of the Code,' says Judge Andrews in delivering the opinion of the court in the case of Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669, 'a denial in a verified answer of a material allegation in the complaint upon information and belief' is good. * * * The denial of a material fact is not frivolous, * * * and the court was clearly in error in overruling the answer of the defendant."

See, also, Schoonmaker v. Mayor, etc., 7 N. Y. St. Rep. 430; Griffin v. Todd, 48 How. Prac. 15.

And in Hill v. Warner, 39 App. Div. 425, 57 N. Y. Supp. 356, it was said:

"A frivolous pleading is one which on inspection is inherently bad; that is, it contains no defense. While it may be quite apparent the pleading is interposed to gain time, the court cannot say, on a bare examination of it, that this denial of a material allegation of the complaint is made for that purpose. Issues raised in a permissible manner cannot be disposed of in that summary way."

To determine whether the answer herein was frivolous necessitates a brief reference to the pleadings. The action was brought to recover a sum alleged to be due the plaintiff in accordance with a judgment entered August 14, 1894, awarding her dower in certain property. As shown by the pleadings, the plaintiff is the widow of Alfred Bedlow, who died May 16, 1891, and she claims as dower a share in certain property conveyed by her husband to the defendant, in which conveyances she did not join. The complaint states that the defendant claims in this property a fee estate, and describes it as "a one-sixth undivided interest * * * in a certain lot * * * of land, * * * together with all the bulkheads, wharves, and piers, * * * with all advantages, rents, issues, profits, and appurtenances thereunto belonging, * * * and a one-sixth undivided interest * * * of the pier and dock property known as 'Pier 49 East River.'" After alleging the judgment giving her dower in this property, and that the defendant is in possession of it claiming to be sole owner, the complaint states that the defendant, as owner, leased the said premises on May 1, 1892, for a term of 10 years at a rental of $2,166.66, receiving since February 21, 1894,—from which time, by the judgment, dower was to be computed,—the sum of $10,833.40, and, over and above all expenses, up to January 30, 1899, $9,622.70, for a third of which sum, or $3,207.56, the plaintiff claims judgment should be given her. For a first defense the answer denies that the judgment referred to adjudged that a sum equal to one-third of the

annual rental value of the property described was to be paid the plain-
tiff by the defendant, and alleges that the judgment fixed no sum after
February 21, 1894, but did fix a sum due her up to that date, which
sum has been paid her.    For a second defense it is claimed that by
the aforesaid judgment damages of $1,495.38 were awarded, which
were paid, the judgment thereby constituting a bar to any further re-
covery.    For a third defense the answer admits the conveyance to the
defendant by the plaintiff's husband of the property mentioned, in
which conveyances the plaintiff did not join, and that the defendant
has leased the property as alleged, but denies all other allegations
relating to these facts.    For a fourth defense it is stated that by the
judgment awarding the dower in the property it was adjudged that
since May 16, 1891, the children of the plaintiff's husband were and
have been the owners of the premises described, from which judgment
the defendant has an appeal now pending; and for a fifth and last
defense it is asserted that no leave by court has been granted to per-
mit the bringing of this action.

The appellant's argument upon this appeal is based upon the con-
tention that the complaint, failing to allege ownership in the defend-
ant, is fatally defective.    It is pointed out that a judicial decision has
been rendered, to which the plaintiff and defendant herein were
parties; that the defendant was at no time during the period for
which it is sought to charge her the owner of the property, but that
it was owned by the children of Alfred Bedlow.    As it is shown that
although the defendant did, as a matter of fact, collect rents for the
period mentioned, the true owner by virtue of such judgment will
recover mesne profits for the entire period he has been kept out of
possession.    Accordingly it is urged it would be unjust to subject the
defendant to the burden of paying the entire rents and profits to the
owners of the property, and, in addition, compel her to pay the plain-
tiff's dower; that she would thereby be called upon to pay twice,—
once to the owners of the property, and then again to the widow.    For
this reason—the widow having the right, under section 1614 of the
Code of Civil Procedure, to collect the entire amount of her dower
from the children of Alfred Bedlow—it is claimed that it is essential
to the maintenance of such an action as this that there should be in
the complaint an express allegation of ownership on the part of the
defendant for the period for which the dower is demanded, the lia-
bility under the statute being entirely dependent on ownership.    The
question is thus presented as to whether dower can be asserted
against any one but the owner of the property.    Whether or not such
a contention is sound is unnecessary for us to determine on this ap-
peal further than to say that it is not frivolous.    There is the further
question raised by the fifth defense that no leave has been granted by
the court to bring this action pending the other appeal.    This, on
bare inspection, is not frivolous.    The defenses denying that the
plaintiff has correctly stated what the judgment awarding dower
actually decreed, in the absence of the judgment itself, are not frivo-
lous.    It may be that upon demurrer these defenses will be held bad,
but it cannot be said that upon bare inspection they are indicative
of bad faith, or are so wanting in substance as to justify their being

overruled on motion as frivolous. The order and judgment thereon should be reversed, with costs to the appellant to abide the event, and the motion denied, with $10 costs, but with leave to the plaintiff to demur, or take such other action as she may be advised. All concur.