MERCHANTS' REVIEW PUB. CO. v. BUCHAN'S SOAPS CORPORATION.

(Supreme Court, Appellate Term. December 20, 1907.)

PLEADING—FRIVOLOUS ANSWER.

While an answer setting up fraud and misrepresentation in defense of an action on a contract may be demurrable, because it does not allege that defendant upon the discovery of the fraud rescinded, or returned or offered to return any benefits it had received under, the contract, it is not frivolous, since it does not indicate bad faith upon bare inspection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 45, 1096–1098.]

Appeal from City Court of New York, Special Term.

Action by the Merchants' Review Publishing Company against the Buchan's Soaps Corporation. From an order overruling defendant's amended answer, it appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Graham & L'Amoreaux (Ralph P. Buell, of counsel), for appellant.
Joseph B. Handy, for respondent.

FORD, J. This is an appeal from an order of the City Court overruling defendant's amended answer, on the ground that it is frivolous, and from the judgment entered in said court in favor of the plaintiff and against the defendant.

The complaint sets out a contract between the plaintiff and the defendant, wherein the defendant ordered certain advertising to be done and promised to pay for the same as provided in the contract, and alleges that certain advertising has been done, for which the defendant has failed to pay. The amended answer admits the making of the contract, and alleges as a defense that the contract was procured by the fraud of plaintiff's agent. Plaintiff moved to overrule the answer as frivolous, and for judgment as demanded in the complaint, on the ground that the answer contained no allegation that defendant, upon the discovery of the alleged fraud and misrepresentation, rescinded the contract, or notified plaintiff of its intention to rescind, or returned or offered to return any benefits it had received under the contract. The motion was granted, and judgment entered for the plaintiff.

The answer may be demurrable. It does not follow necessarily that

it is frivolous. A pleading is not frivolous unless it is indicative of bad faith in the pleader upon bare inspection. It can hardly be said that an answer setting up fraud and misrepresentation comes within this definition. The distinction between a demurrable pleading and a frivolous one is clearly pointed out in Bedlow v. Stillwell, 45 App. Div. 557, at page 558, 61 N. Y. Supp. 371, where the court, by Mr. Justice O'Brien, says:

"The rule to be applied upon motions to strike out a pleading as frivolous has been so many times stated that a restatement would seem to be unnecessary, and yet the failure of the court below to apply it requires a reference thereto. The distinction between a motion to strike out a pleading as frivolous and the question presented on demurrer must not be lost sight of. One is a summary way of getting rid of the pleading on motion, and the other is the orderly manner of proceeding by argument to try the issue of law. On demurrer, a pleading, after argument and deliberation, might be held bad, which, on motion, should not be stricken out as frivolous. A pleading is not frivolous, unless it is indicative of bad faith in the pleader upon bare inspection. If any extended argument is needed to show its insufficiency, it is not frivolous."

The views there expressed are controlling here. Assuming that the answer is insufficient, the defendant should not be deprived of the right to plead over, which it would have if the sufficiency of the answer had been tested on demurrer.

The order should be reversed, and the judgment vacated, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs, but with leave to plaintiff to demur or take such other action as he may be advised. All concur.