GERMAIN *v.* HARWELL, *et al.*

[66 South. 396.]

1. JUDGMENT. *Pleading. Frivolous pleading. Striking out. Definition. Former adjudication. Dismissal without prejudice. "Decision on merits."*

Where in a suit to set aside a trust deed and a sale thereunder, defendant pleaded as *res judicata,* a decree in a similar suit which recited that the cause came on for hearing on the pleading and proof, and that complainant consented, in open court, to the dismissal of the bill and thereupon the bill was dismissed, and defendant making their answer a cross-bill asked for an injunction against further suits by complainant, and complainant filed an answer to the cross-bill, drawn by herself without the aid of counsel, in which she alleged that the term at which such decree was entered, her attorney was sick, and attempted to get a continuance but that defendant insisted on going to trial, and that failing to get a continuance, complainant was forced to ask for a dismissal of the suit, but was informed by her lawyer that this would not prevent the filing of a new bill, that the decree was written by defendant's attorney, that she intended the dismissal to be without prejudice and that it would be a great injustice to her to permit it to be binding because of the omission of the words "without prejudice." In such case the court erred in striking out this answer as insufficient and frivolous, since it

fairly presented her claim, that the decree pleaded as a defense was not the decree agreed upon by her, and thereunder it might have been shown that the words "without prejudice," were omitted by mistake, or intentionally, with knowledge of complainant's understanding that the dismissal, was to be "without prejudice."

2. Pleading. *Frivolous pleading. Definition.*

   A frivolous pleading is one so clearly untenable, or the insufficiency of which, is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research. If a defense can be spelled out from the pleading or any part of it, it is not frivolous.

3. Judgment. *Former adjudication. Dismissal without prejudice. Decision on the merits.*

   The dismissal of a bill, by complainant, at any time before final decision, and after the case has been set down for final hearing, will have the effect, unless otherwise ordered by the court, of a decision on its merits, and may be pleaded in bar of another suit, but the dismissal of a bill "without prejudice" is not a bar to another suit.

4. Equitable Relief. *Judgment entered through mistake or fraud.*

   Where complainant, because of sickness of her counsel, and her inability to obtain a continuance, consented to a decree dismissing her bill without a hearing on the merits, with the understanding that such dismissal would not prevent the filing of a new bill, but the decree which was prepared by opposing counsel failed to recite that the dismissal was without prejudice either through mistake, or intentionally, with knowledge that complainant understood that the dismissal was to be without prejudice, in such case there was such an unfair advantage, resulting from accident, mistake, or fraud as justified the interposition of a court of equity, to prevent the decree from being binding on complainant.

5. Judgment. *Pleading as defense. Reply.*

   To the defense of former adjudication, there may be filed the reply of *nul tiel* record if the former judgment, as shown on the record, is not a sufficient bar, or if the cause of action is not the same, that fact may be shown in reply or the reply may set up facts which would render the former judgment void.

Appeal from the chancery court of Lauderdale county, Hon. Sam Whitman, Jr., Chancellor.

Suit by Mrs. L. C. Germain against J. M. Harwell and others. From a judgment for defendants, complainant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green* and *Butler, Esterling & Potter,* for appellant.

*Amis & Dunn* and *J. M. Harwell,* for appellee.

REED, J., delivered the opinion of the court.

Appellant, in September, 1910, filed her bill in chancery, in which she sought to set aside a deed of trust executed by her in favor of appellee, J. M. Harwell, and the sale made under the deed of trust to appellee G. H. Mattox. She charged failure of consideration as to the deed of trust, and that appellees, Harwell and Mattox, intended and designed to cheat and defraud her in the transactions resulting in the sale of her property under the deed of trust, and that they entered into a conspiracy for that purpose. She also prayed for an accounting to show the amounts owing by her on the indebtedness secured by the several deeds of trust which she executed on the property in controversy, and an accounting of rents, etc., and that she be granted a reasonable time to pay the indebtedness and discharge the liens, and that in the event of her inability to secure the funds and pay the amount the court would order a sale by a commissioner of the land for the purpose of paying all of the indebtedness ascertained to be correct and established in the order of their priority.

Appellees filed an answer to the bill of complaint, in which they presented the defense of former adjudication. They averred that in 1909 appellant had filed a bill, in which all of the material allegations in the bill, filed in 1909, were embodied, that answers were filed thereto, and that depositions of witnesses were thereupon taken, and that on May 12, 1910, at the regular term of the chan-

cery court, the cause was set down for hearing upon bill, answer, and proof, and a decree rendered dismissing appellant's bill of complaint. The pleadings, proofs, proceedings and decrees in the case brought in 1909, were made exhibits to the answer, and are fully copied in the record. The following is the decree dismissing the bill:

"This cause coming on this day for hearing on the pleading and proof, the same having been set down for final hearing, thereupon came the complainant in person and by her solicitor and consented in open court, that said bill of complaint be dismissed. It is therefore considered so ordered and decreed that the bill of complaint in said cause be and the same is hereby dismissed, that all of the defendants go hence, and that complainant pay all costs in this behalf to be taxed.

"Ordered and decreed this June 1, 1910."

Appellees thereupon made their answer a cross-bill, in which they charged that appellant "is a person dominated by an inordinate passion for litigation," and had annoyed them by bringing against them successive suits, having brought two suits against them in the circuit court, in addition to the cause in chancery which had been dismissed. They further averred that they were "utterly without remedy or protection against the litigous assaults" of appellant, except through injunction restraining her from further prosecuting against them suits touching the subject-matter contained in the bill of complaint. They thereupon prayed for such injunction.

Appellant filed an answer to the cross-bill. This answer she prepared herself. She had no counsel then representing her. In her answer she denied the allegations in the cross-bill to the effect that she was trying to harass and worry appellees. She stated that she was only honestly contending for her rights; that she was under the disability of poverty and the disability of being unable to obtain good counsel; that at the last term of the court her attorney was sick in Laurel; it was impossi-

ble for her to learn whether he would be able to attend
the court, and because of uncertainty she saw no way of
keeping her witnesses on hand; that her attorney came
up to court on the last day before adjournment, looking
weak and sick, and told her that he was too weak to de-
fend the suit or question the witnesses, and had come to
get a continuance; that he pleaded for the same, but ap-
pellees insisted on going to trial claiming that two of the
witnesses could be gotten in the city, the other five be-
ing absent; that, failing to get a continuance, there was
nothing left for her to do but to ask for a dismissal of the
suit, her lawyer being sick and she being unable, on that
account, to get her evidence; that her lawyer informed
her the dismissal "would not preclude or debar her from
further rights of a trial at the next term of the court, and
all she had to do was to file a new bill, and the case
would be dismissed without prejudice to her or any one
else, as she was forced under the circumstances at the
time to ask for a dismissal;" that the decree was written
by appellee's attorney, her attorney hurrying out of court
to catch a train; that her contentions are honest and just,
and that she can prove what she has set up in her bill of
complaint, and that it would be a great injustice to her to
permit the decree to be binding against her because the
words "without prejudice" were omitted therein. Ap-
pellant reviewed in substance her grounds for relief
against appellees. Then she said that her cause had
never been heard on its merits, as claimed by appellees,
for it had never been heard by any judge or jury in any
court at any time, and continuing we quote her words as
follows:

"And I promise not to worry them any further when I
am allowed a just hearing with my evidence and wit-
nesses on all of my complaints that are set up in my bill,
as the law may approve, for I have never had a hearing
in any court on this bill as yet. And this I pray the court
may allow."

She then asked to be permitted to file an amendment to her answer. This was agreed to by the solicitors for appellees. In the amendment she further stated that it had been agreed between the attorneys on both sides of the case that the balance of the testimony in her behalf could be taken orally at the hearing in court, and that under the conditions as stated in her answer this was not done. She prayed that the dismissal of her case, under the circumstances as stated, would not be binding on her, as she intended the dismissal to be without prejudice, as shown in the letter from her attorney filed by her with her answer. She promised that if she was given further time she would endeavor to obtain a good attorney and defend her case. The letter referred to, from appellant's attorney, contains the statement that it was his understanding that the case was to be dismissed without prejudice to any one, and that the decree was written by the attorneys for appellee.

A motion by appellees to strike the answer and amended answer from the files as being insufficient and frivolous was sustained by the court. On the same day the chancellor gave a decree *pro confesso* against appellant as defendant to the cross-bill; and again, on the same day, a final decree was rendered dismissing the original bill and perpetually enjoining and restraining appellant from bringing any other action at law or in equity against appellees for any of the causes of action contained in the original bill of complaint, where her right shall be based upon any of the actions, contracts, or acts of the appellees as set up in the bill and the cross-bill, or which then existed.

Did the chancellor err in declaring the answer and amended answer frivolous and insufficient, and in striking them, upon motion, from the files? Regarding the law on frivolous pleading, we quote from Words and Phrases, vol. 4, pages 2979 and 2980:

108 Miss. 26

"A frivolous pleading is one so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research. *Farmers' & Millers' Bank* v. *Sawyer,* 7 Wis. 379, 383; *Cahoon* v. *Wisconsin Cent. R. Co.,* 10 Wis. 290, 293."

"An answer can be said to be frivolous only when it is so clearly bad as to require no argument to show its character, and which would be said to be so manifestly defective as to be indicative of bad faith upon a mere inspection. *Gruenstein* v. *Biersack,* 37 N. Y. Supp. 538, 539, 1 App. Div. 580; *Trumbull* v. *Ashley,* 49 N. Y. Supp. 786, 788, 26 App. Div. 356."

"To justify a decision that a pleading is frivolous, it must not only be without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection. If any argument is required to show that the pleading is bad, it is not frivolous. *Cook* v. *Warren,* 88 N. Y. 37."

"A pleading is frivolous only where there is clearly no defense set up in it. If a defense can be spelled out from the pleading, or any part of it, it is not frivolous. *Moody* v. *Belden,* 15 N. Y. Supp. 119, 60 Hun, 582."

These answers were not prepared by a lawyer learned in equity jurisprudence and skilled in the art of pleading. They were written by appellant, who, it is shown in the record, is a lady quite advanced in years. She had not then been able to employ counsel to represent her. A fair reading of her answer and amendment thereto will show that she intended to present, as her reply to the claim of former adjudication made by appellees, that the decree of the court upon which they relied to sustain their claim was not the decree which she agreed should be made when her former bill of complaint was dismissed. She states in the paper that she was under stress of circumstances by reason of the sickness of her lawyer, her inability to proceed with the trial and question the witnesses, failure to get a continuance, and the insistence

of appellees for trial without delay; that she was told by her lawyer that the cause would be dismissed without prejudice to her; that she could file a new bill, and would not be precluded in her right to a trial; that the decree was written by the solicitors for appellees, and she fully believed that the case had been dismissed in accordance with her attorney's information.

It is true that a dismissal of a bill by complainant at any time before final decision, and after the case has been set down for final hearing, will have the effect, unless otherwise ordered by the court, of a decision on the merits, and may be pleaded in bar of another suit. *Phillips* v. *Wormley,* 58 Miss. 398. But the dismissal of a bill, however, "without prejudice," is not a bar to another suit. *Mobile, etc., R. R. Co.* v. *Davis,* 62 Miss. 271. In the case at bar appellant intended that her case should be dismissed without prejudice, and so that it would not be a bar to her bringing another suit. This cause was not heard on the merits. The matters in controversy were not finally and conclusively adjudicated by a trial. According to the answers of appellant, she did not intend to abandon her suit, but only purposed to dismiss it in the way of a nonsuit because she was unable to proceed with the trial then, and so that she could bring her case again before the court by filing another suit.

To the defense of former adjudication there may be filed the reply of *nul tiel* record if the former judgment, as shown on the record, is not a sufficient bar. If the causes of action are not the same, that fact may be shown in reply. In addition to this a "reply is sufficient which sets up facts which would render the former judgment void." Ency. Pl. & Pr., vol. 9, p. 627. To illustrate, in the case of *Hallack* v. *Loft,* 19 Colo. 74, 34 Pac. 568, it was held that, under Colorado practice, a reply setting forth facts showing that the judgment was fraudulently obtained was sufficient. And in the caes of *Abbott* v. *Abbott,* 18 Neb. 503, 26 N. W. 361, it was held that a nonsuit or dismissal resulting from fraud may be properly

set aside and the cause reinstated. In *Webster* v. *Skip-with*, 26 Miss. 341, Judge HANDY, delivering the opinion, quoted the following rule laid down by Judge STORY:

"That in all cases where by accident, mistake, or fraud, or otherwise, a party has an unfair advantage in proceeding in a court of law, which must necessarily make that court an instrument of injustice, and it is therefore against conscience that he could use that advantage, a court of equity will interfere, and restrain him from using the advantage."

That case was a bill in chancery to enjoin a judgment at law, which had been appealed to the supreme court and affirmed, on the ground that there was fraud in the prosecution of the suit at law. It appears that statements had been made which prevented the complainant from making a diligent defense to his suit, and that there was a misunderstanding in reference to an amendment to pleading between counsel for plaintiff and defendant. The court held that the record showed that the judgment at law was obtained through a mistake of fact, and that it was a proper case for the interposition of a court of equity. Judge HANDY said in his opinion:

"In the application of the remedial powers of a court of equity to cases of this nature, they appear to have acted rather upon the intrinsic equity of the particular case than upon any strict rule limiting and restraining the powers so as to prevent them from doing equity."

The appellant plainly presents, as her reasons why she should not be precluded from continuing her cause on the ground of former adjudication, that the decree dismissing the bill was not the decree she agreed to be entered, that the omission of the words "without prejudice" changed the effect of the decree, and was not with her approval, her knowledge or her consent, and was done by solicitors for appellee who wrote the decree. If this reply of appellant is true, it certainly shows an advantage on the part of appellees which justifies the inter-

position of a court of equity. Whether the unfair advantage resulted from accident, mistake, or fraud, it should not be used against appellant.

In the trial of an issue, made up on the answers of appellant, it might be shown that the omission of the words "without prejudice" was a mistake made by the writer of the decree; that in the hurry of writing he unintentionally left out the words. A consideration of the frame and words of the decree shows this view to be plausible. Notice the statement therein that the cause had been set down for final hearing on pleadings and proof, and that thereupon complainant and her solicitor in open court consented to the dismissal. This is very much like a nonsuit. Complainant reached the point where she could not further proceed because of the illness of her solicitor. Defendants insisted upon the trial going on. Continuance was denied her. Then she nonsuited; that is, being in chancery, she dismissed "without prejudice." By necessity she was required to suspend action for a time. She did not make a complete surrender of her right of action. She had to gain time, because she had no advocate to try her cause. To secure this time she must agree to the payment of costs. Is it not reasonable that defendant should have been willing to permit the nonsuit of that particular action upon payment of costs?

In the case of *Haldeman* v. *U. S.*, 91 U. S. 584, 23 L. Ed. 433, it was held that:

"The general entry of the dismissal of a suit by agreement is evidence of an intention, not to abandon the claim on which it is founded, but to preserve the right to bring a new suit thereon, if it becomes necessary."

Appellant by her answers asserts that she had no intention to abandon her claim, but that she purposed to preserve the right to institute a new suit. If this is true, and it can be shown that solicitors for appellees had knowledge of it, then it will certainly appear that the omission of the words "without prejudice" was through

mistake.　On the other hand, if appellant can show that; the omission of the words "without prejudice" was with the knowledge of her understanding that the case was to be dismissed "without prejudice," and that this was her purpose, and that such omission was intentional, then such omission will amount to fraud against her rights. In either event, a court of chancery should intervene to prevent an unfair advantage, and hold that the decree was not binding on the appellant to the extent of pre-cluding her from again filing her case.

The chancellor erred in declaring the answer and amended answer frivolous and insufficient.

*Reversed and remanded..*

SMITH, C. J. (specially concurring).

It is unnecessary for me to express an opinion either upon the legal sufficiency of appellant's answer or upon the practice pursued in disposing of it, for the reason that if it be conceded that this answer was frivolous and therefore properly stricken from the files, it does not follow that a decree should have been entered against appellant on the merits of the cause of action presented by her original bill.　The only relief prayed for by this cross-bill is, that appellant be enjoined "from bringing any other action or actions at law or in equity against defendant, or either of them, for any of the alleged causes of action contained in the said bill of complaint."　Appellee might very well have omitted altogether to answer this cross-bill and let it go by default, for if she lost her suit on the merits she could not thereafter recover on the same cause of action, and if she gained it, she would have no reason for instituting another action.　I therefore concur in the result reached.