FARMERS COOPERATIVE GRAIN COMPANY, APPELLANT, V. S. J. STARTZER, APPELLEE.

FILED APRIL 10, 1924.   No. 22632.

1. **Fraud:** QUESTION FOR JURY. In an action for damages for fraud and deceit, it is for the jury to determine whether facts and circumstances are established which show that the injured party was justified in relying on the representations which induced the contract. *Sanders v. Nightengale*, 109 Neb. 667.

2. ———: ACTIONABLE FRAUD. "The representation of a fact in the future, and not a mere promise which has been acted upon and turns out to be false, will entitle the injured party to the same remedies as fraudulent misrepresentatitons of an existing fact." *Abbott v. Abbott*, 18 Neb. 503.

3. **Evidence** examined, and *held* that the trial court did not err in overruling plaintiff's application for a new trial.

APPEAL from the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*E. S. Nickerson* and *A. S. Ritchie,* for appellant.

*William R. Patrick, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and DEAN, JJ.

DEAN, J.

The plaintiff corporation was engaged in buying and selling grain at Springfield, Nebraska, in 1918. During the course of a campaign which was commenced to increase its capital stock, defendant subscribed for five shares of stock at $100 a share for which he gave his promissory note for $500. In an action brought to enforce payment defendant recovered a verdict and judgment from which plaintiff appealed.

The evidence shows that sometime in May, 1918, plaintiff employed two stock salesmen to plan and conduct a drive at Springfield for the sale of corporate stock in the elevator enterprize. They were brought from Minneapolis by plaintiff for that purpose. One of the salesmen, accompanied by two of the stockholders, called on defendant and sold the stock to him and obtained the note on which this action is based. There is competent evidence which tends to prove that the agent, as an inducement to defendant, stated and represented that within a year a new $40,000 elevator would be built to take the place of the old one which was dilapidated and out of date; that the new structure would be equipped with grain drying, cleaning, grading and other modern devices to facilitate the handling of grain and to so prepare it for market that defendant, and other subscribing patrons, would be paid two or three cents a bushel above local market prices for grain at the new elevator; that the stock would "carry itself" and that defendant would never be called upon to pay the note except from dividends on his stock which would be derived from increased earnings when the new and improved elevator was installed; that he relied upon the material representations and statements so made, and in reliance thereon he made his subscription and gave his note. The elevator was never built. He testified that the representations and statements so made were false, fraudulent and untrue, and contends that they were purposely made to cheat and defraud him and without

an intention of performance on plaintiff's part.   There is evidence tending to prove that all of the material representations and statements made by the selling agent to defendant to induce the sale and to obtain the note in suit were made to him in the presence and hearing of not less than two stockholders of the original corporation.

There is some conflict in the evidence in respect of material facts, but the jury, as the triers of questions of fact, and of the credibility of witnesses as well, resolved the issues in favor of defendant. In *Sanders v. Nightengale*, 109 Neb. 667, we held in effect that, in an action for damages for fraud and deceit, it is for the jury to determine whether facts and circumstances are established which show that the injured party was justified in relying on the representations which induced the contract. It is elementary that deceit, to ground a recovery, must ordinarily relate to existing facts.   But we think the present case comes within the exception to the rule, as announced in *Abbott v. Abbott*, 18 Neb. 503, where we held: "The representation of a fact in the future, and not a mere promise which has been acted upon and turns out to be false, will entitle the injured party to the same remedies as fraudulent misrepresentations of an existing fact."

In a comparatively recent case it was held that, in an action on a note given for the purchase price of corporate stock which was defended on the ground of misrepresentation by the seller that a stockholder could sell grain to the plaintiff corporation for more than could be obtained elsewhere, and receive a greater price for feed sold to plaintiff than could be obtained elsewhere, and could pay the note out of dividends, the question whether the seller made such representations, and as to whether the buyer was induced thereby to sign the note, was for the jury. *Britton Milling Co. v. Williams*, 44 S. Dak. 464.

Other assignments of alleged error have been urged by plaintiff which we have considered but do not find it necessary to discuss and do not decide.   Reversible error does

not appear. We think the court did not err in overruling plaintiff's application for a new trial.

The judgment of the district court is

AFFIRMED.

Note—See Appeal and Error, 4 C. J. p. 857, sec. 2836; Fraud, 27 C. J. p. 76, sec. 216; 26 C. J. p. 1087, sec. 25.